# STATE v. RUSSUM.

No. 6713. Decided October 10, 1944. (152 P. 2d 88.)

See 24 C. J. S. Criminal Law, Sec. 1972; 116 A. L. R. 209, 25 Am. Jur. 273.

*E. LeRoy Shields,* of Salt Lake City, for appellant.

*Grover A. Giles,* Atty. Gen., and *Arthur E. Nielsen,* Deputy Atty. Gen., for respondent.

WADE, Justice.

Lee Russum was charged by information with the crime of burglary in the second degree and with being an habitual criminal. He was convicted by a jury of burglary in the second degree and sentenced to the state penitentiary. He appeals.

Appellant cites as error the court's refusal to quash the information on the ground that more than one offense is charged therein and there is no statutory authority permitting the joinder of the crimes of burglary in the second degree and that of being an habitual criminal. The court did not err in refusing to quash the information on that ground. To be charged with being an habitual criminal is not to be charged with a crime. Being an habitual criminal is a status and subjects such person to a greater penalty than would otherwise be imposed for the crime with which he is charged. As stated in 25 Am. Jur. page 260, Sec. 1:

"The charge of being a second or subsequent offender does not involve accusation of a crime other than, or separate from, the offense principally charged. The statutes do not create a separate offense. The increased penalty for a second or subsequent conviction is intended to be held up as a warning to first offenders and to act as a deterrent to their criminal tendencies."

That being an habitual criminal is a status is suggested by this court in *Thompson* v. *Harris, Warden,* 106 Utah 32,

144 P. 2d 761. See also *State* v. *Zywicki,* 175 Minn. 508, 221 N. W. 900; *State ex rel. Edelstein* v. *Hunecke,* 138 Wash. 495, 244 P. 721. It follows that including the charge of being an habitual criminal in an information charging a crime is not error, provided the requisite facts are set out in the information which charges one with being an habitual criminal. In the instant case appellant contends this was not done and he cites as error the court's refusal to strike from the information the charge of being an habitual criminal. 103-1-18, U. C. A. 1943, defines an habitual criminal as:

"Whoever has been previously twice convicted of crime, sentenced and committed to prison, in this or any other state, or once in this and once at least in another state, for terms of not less than three years each, shall, upon conviction of a felony committed in this state, * * * be deemed to be an habitual criminal, and shall be punished by imprisonment in the state prison for not less than fifteen years; * * *."

In *State* v. *Walsh,* 106 Utah 22, 144 P. 2d 757, this court construed this section to mean that the previous convictions must have carried a minimum penalty of not less than three years and that any sentence carrying a minimum penalty of less than three years did not come within the provisions of this statute. The information charged appellant with having been previously twice convicted of felonies for one of which he was sentenced to a term of not less than two years in a state prison. Under the ruling of *State* v. *Walsh,* supra, it is clear that the information was insufficient to charge appellant with being an habitual criminal and that the court erred in refusing to strike that portion of the complaint which purported to charge him with being an habitual criminal.

Appellant further assigns as error the admission in evidence of prior convictions and the court's instructions in relation thereto.

After the state had introduced in evidence, over appellant's objections, records of his prior convictions, he took

the stand and testified in his own behalf and on cross-examination admitted details of the offenses for which he had been previously convicted. The jury, however, did not find that he was an habitual criminal, but did find him guilty of burglary in the second degree as charged. The question presents itself that in view of the fact that the jury did not find him to be an habitual criminal, can it be said appellant was prejudiced in his rights to have a fair trial on the charge of burglary in the second degree because of the admission of the records of his prior convictions?

This question must be answered in the affirmative. The records of his convictions were placed in evidence before he took the witness stand. It might well be that, but for the introduction of these records, appellant might have decided not to testify in his own behalf. Had he so decided, the state could not have introduced any evidence as to his reputation and character. Although in *Thompson* v. *Harris, Warden,* supra, we held that a defendant in a criminal trial has no constitutional right to have withheld from the jury evidence relating to prior convictions for unrelated felonies this is not to say that such introduction of evidence may not be prejudicial. Here we are not concerned with whether the defendant has been deprived of a constitutional right, but whether prejudicial error has been committeed in allowing the introduction of this evidence. In *State* v. *Ferguson,* 83 Utah 357, 28 P. 2d 175, 176, the facts were somewhat analogous to the instant case. In the case there was an attempt to charge the defendant with being a persistent violator of the liquor laws, a felony. The information was insufficient to state that offense but was sufficient to charge possession of intoxicating liquor, a misdemeanor. The jury found the defendant guilty of the lesser offense. Although the opinion in the case went off on the question of jurisidction of the district court to try a misdemeanor, the main opinion, which was concurred in by the then Chief Justice, in discussing the inadmissibility of evidence of a prior conviction of the

liquor laws under an information which was insufficient to charge the crime of persistent violator said:

"This is practically conceded by the Attorney General who contends, however, that the error was cured by the verdict. We are not impressed with that conclusion. Because the jury found, with the objectionable evidence before it, that the defendant was guilty of no greater offense than that actually charged in the information, it does not follow that its findings would have been the same with the objectionable evidence excluded. Indeed, in view of the facts and the contentions of the parties in respect thereof, we think the admission of the justice's record as to defendant's prior conviction was very prejudicial."

In the instant case the state's information was insufficient to charge appellant with being an habitual criminal. It was therefore clearly error for the court to have allowed evidence of any prior conviction to be before the jury. See 24 C. J. S. Criminal Law, § 1966, page 1160 wherein it is stated:

"However, in the absence of a valid allegation of prior conviction, evidence thereof has been held not admissible."

The judgment is reversed with instructions to grant a new trial.

WOLFE, C. J., and LARSON, McDONOUGH, and TURNER, JJ., concur.