## STATE v. STEWART.

No. 6929.   Decided July 27, 1946.   (171 P. 2d 383.)

See 24 C. J. S., Criminal Law, sec. 1969; 25 Am. Jur., 279; Increased penalty—prior offense; Reading indictment or information to jury, notes, 58 A. L. R., 20; 82 A. L. R., 345; 116 A. L. R., 229; 132 A. L. R. 107; 139 A. L. R., 694.

*Gustin & Richards,* of Salt Lake City, for appellant.

*Grover A. Giles,* Atty. Gen., *Herbert F. Smart,* Asst. Atty. Gen., and *Brigham E. Roberts,* Dist. Atty., of Salt Lake City, for respondent.

McDONOUGH, Justice.

Defendant was found guilty of the

"crime of driving a vehicle while under the influence of liquor and of having previously been convicted of the same crime as alleged in the information,"

and he appeals. In the first part of the information defendant is accused of the

"crime of driving a vehicle while under the influence of intoxicating liquor," in violation of Sec. 57-7-111(a), U. C. A. 1943.

Following the specification of the date and place in Salt Lake County of the alleged commission of the offense, there appears in the information three additional paragraphs. In the first two it is alleged that on March 10, 1943, and on April 7, 1944, defendant was convicted in Davis county of the crime of driving a vehicle while under the influence of intoxicating liquor. In the third additional paragraph it is charged that he was convicted of driving an automobile while under the influence of intoxicating liquor in violation of a municipal ordinance of Salt Lake City on May 1, 1943. The above cited statute reads as follows:

"(a) It is unlawful and punishable as provided in subdivision (b) of this section for any person * * * who is under the influence of intoxicating liquor or narcotic drugs to drive or be in actual physical control of any vehicle within this state.

"(b) Every person who is convicted of a violation of this section shall be punished upon a first conviction by imprisonment for not less than 30 days nor more than 6 months, or by a fine of not less than $100 nor more than $299, or by both such fine and imprisonment, and on a second or subsequent conviction, or on a conviction under this

section subsequent to a conviction under an ordinance in Section 33 (a) of this act, shall be punished by imprisonment for not less than 90 days nor more than one year, and, in the discretion of the court, a fine of not more than $1,000. For the purpose of this section such second violation shall have occurred within three years of the preceding violation."

In his opening statement the prosecuting attorney said that he would prove that defendant

"has been convicted a number of times for driving an automobile while under the influence of intoxicating liquor."

Defendant's counsel objected to such statement and moved the court to declare a mistrial. The court denied the motion, but admonished the jury to disregard the statement. However, the court subsequently ruled that evidence of the prior convictions of the defendant would be received in evidence in connection with the trial of the substantive offense, and evidence of pleas of guilty to prior offenses in two different courts was admitted over objections of defendant. In addition to instructions as to proof of driving while under the influence of intoxicating liquor, the trial court charged the jury that if they found defendant guilty, then in that event they should further consider whether the state had proved beyond a reasonable doubt that defendant had previously been convicted of the same type of offense as alleged in the information.

By his assignments of error, appellant contends: (1) That the evidence did not warrant conviction. (2) That there was no competent proof of prior convictions. (3) That evidence of prior convictions for drunken driving may not be received before the jury has returned a verdict on the substantive charge.

Notwithstanding the conflict in the evidence, there was sufficient competent evidence of driving a vehicle while under the influence of intoxicating liquor, to support a verdict finding defendant quilty of drunken driving. The motion for directed verdict was therefore properly denied. Though evidence of prior convictions

was introduced before a determination of the issue on the substantive charge, the admission of such evidence, even if erroneous, would not warrant the court in directing an acquittal.

The appellant alleges that there was not competent evidence of prior convictions. He contends that the evidence shows that he pleaded guilty as a matter of convenience, and that a plea of guilty does not amount to a conviction. Such novel argument is specious. Unless timely withdrawn, a plea of guilty places a defendant in the same position as a verdict of a jury finding him guilty of the charge after a fair and impartial trial. A plea of guilty is a confession of the correctness of the accusation which dispenses with the necessity of proof thereof.

The contention is also made that at no stage of the proceedings was there any foundation for any evidence as to prior convictions for the reason no proof as to jurisdiction of the justice courts in which defendant pleaded guilty, was first offered. Likewise, that there was no certified copy of a judgment of conviction introduced. In this case the complaints as filed in the justice courts were introduced, on which complaints there was endorsed in the handwriting of the justice, the plea of guilty and the memorandum of sentence pronounced. The justice testified to making the notations and identified the defendant and the proceedings shown by the notations. The fact that in the city court there was a card index file, and no judgment book, and in the justice court there was some informality, would not operate to make the evidence of the convictions either insufficient or incompetent. The particular form of record-keeping in those courts is not specified in detail by statute. The records actually kept and as identified by the justice of the peace and by the clerk of the city court, show unequivocally what occurred in those courts. The evidence of prior convictions and introduction of the questioned exhibits showing pleas of guilty and the sentence pronounced and carried into effect, was competent and sufficient on the issue

of prior convictions. See *Rheuark* v. *State*, 78 Okl. Cr. 121, 144 P. 2d 754.

The remaining question as to the prior convictions is whether the issue of defendant's guilt of drunken driving in violation of Sec. 57-7-111(a), should first have been determined before any evidence of prior offenses was introduced. The state takes the position that under the above quoted statute, a person once convicted of drunken driving becomes in effect a persistent violator, and that proof of the prior offense is a necessary element in the substantive offense of persistent violation. However, the statute here does not declare that a person who having once been convicted of drunken driving shall be deemed a persistent violator in case of a subsequent offense. All the statute purports to do is to impose a greater punishment for a subsequent crime. In this respect it differs from a statute which defines the status of being a persistent violator and from Sec. 103-1-18, U. C. A. 1943, defining an habitual criminal. It is true that the penalty prescribed for the first offense of drunken driving is a penalty imposed for a simple misdemeanor, and hence triable in a justice's court; whereas, on conviction for a subsequent offense the penalty is that which might be imposed in the case of an indictable misdemeanor for which defendant would be entitled to a preliminary hearing, and which case is triable in the district court.

*Rheuark* v. *State*, supra, appears to assume that proof of the prior offense under a statute somewhat similar to ours, is proper; and that a verdict finding the defendant guilty of driving a vehicle while under the influence of intoxicating liquor, having been previously convicted of the same type of offense in some specified court, is the appropriate form of verdict.

In *State* v. *Walsh*, 106 Utah 22, 144 P. 2d 757, it was unnecessary to decide whether the allegation of prior crimes which could be the basis for punishment of the defendant for being an habitual criminal in the event of conviction of the substantive offense, should or should not be read to the

jury. In that case the allegation of prior crimes did not constitute a sufficient basis for a charge of being an habitual criminal, and we held that the motion to strike the allegations as to prior offenses should have been granted. To the same effect in *State* v. *Russum,* 107 Utah 94, 152 P. 2d 88. Those cases came here on direct appeal. However, *Thompson* v. *Harris,* 106 Utah 32, 144 P. 2d 761 (on petition for rehearing 152 P. 2d 91), was a habeas corpus proceeding, and in that case we held that submission of the evidence of prior offenses, although inadequate to consitute a basis for a charge of habitual criminality, did not operate to work such a denial of due process as to require the issuance of the writ. Whether or not the substantive charge should be uncoupled from the allegations of prior convictions as a matter of appropriate procedure in the absence of any specific direction in the code, was not determined.

In this case the defendant raises the question as to the proper procedure by appeal on specific assignments of error. The issue is properly raised. No directions are given in the code as to the particular procedure to be followed in such cases. As a guide for future cases of this character, we are prompted to outline a procedure to be followed in the trial courts which will properly expedite the adjudication of such cases, while at the same time to safeguard the substantial rights of accused persons and to prevent an accused person from being advertised to the jury as one who previously perpetrated a similar type of offense. We do so in the absence of legislative direction, and in view of the prejudicial nature of the evidence of prior conviction as such evidence bears on proof of commission of the substantive offense.

In *State* v. *Russum,* supra, the defendant was charged with being an habitual criminal. The jury found him guilty of burglary but did not find him to be an habitual criminal. We held that since the prior convictions alleged were insufficient to show the status of habitual criminal, it was reversible error to admit proof of such convictions. The reason why the admission of such evidence is

prejudicial is obvious. Since the allegations bearing on habitual criminality were not sufficient to raise that issue, the only charge properly before the jury was that relating to the substantive offense. The prior convictions were incompetent evidence on that charge. See Wigmore on Evidence, 3d Ed., Sec. 194, and Underhill, Criminal Evidence, 4th Ed., Sec. 180.

Since, in the instant case the prior convictions could not properly be considered by the jury in determining the guilt or innocence of the defendant of the substantive offense, we conclude that it was reversible error to permit evidence thereof to be presented to the jury in the trial of that issue.

A leading case involving the use of a prior conviction to warrant more severe punishment, is *State* v. *Ferrone,* 96 Conn. 160, 113 A. 452. Defendant was tried and convicted as an habitual criminal. He was accused of the substantive offense, and following such allegation he was charged with having been twice convicted of crimes for which he was sentenced to the state prison. The court pointed out that it was proper to state in the information that fact that the accused had previously been convicted to properly inform him that the state would seek to impose a more severe penalty. The court quoted from *State* v. *Reilly,* 94 Conn. 698, 110 A. 550, 553, to the effect that in such an information two separate issues are presented:

"First. Was the defendant guilty of the crime charged? This relates to the crime only. Second, if guilty, had the defendant twice before been convicted, sentenced, and imprisoned? This relates to the penalty only, and does not involve or state any other or different crime from that first stated."

In *State* v. *Ferrone,* supra [96 Conn. 160, 113 A. 457], the court said that in the absence of statutory regulation, a procedure similar to that prescribed by an English statute should be followed. To particularize:

"The information should be divided into two parts. In the first the particular offense with which the accused is charged should be set forth, and this should be upon the first page of the information and

signed by the prosecuting officer. In the second part former convictions should be alleged, and this should be upon the second page of the information, separable from the first page and signed by the prosecuting officer. The entire information should be read to the accused and his plea taken in the absence of the jurors. When the jury has been impaneled and sworn, the clerk should read to them only that part of the information which sets forth the crime for which the accused is to be tried. The trial should then proceed in every respect as if there were no allegations of former convictions, of which no mention should be made in the evidence, or in the remarks of counsel, or in the charge of the court. When the jury retire to consider their verdict, only the . first page of the information, on which the crime charged is set out, should be given to them. If they return a verdict of guilty, the second part of the information, in which former convictions are alleged, should be read to them without reswearing them, and they should be charged to inquire on that issue. Of course, the accused may plead guilty to this part of the information, and then no further proceedings before or by the jury would be necessary. No reason appears why the accused if he should choose, might not submit this issue to the court without the jury.

"In this way the well-recognized rights of an accused person will be protected, and the principles of justice and our long-established laws which have been designed to secure an impartial trial in every criminal cause will be recognized, respected, and obeyed."

The court also pointed out that until a verdict has been rendered on the principal issue, there is no occasion to mention the prior convictions since previous offenses would not be competent to prove that defendant committed the offense for which he is then on trial. Likewise, the court remarked that by directing attention to prior offenses, a defendant may be deprived of the presumption of innocence, and in doubtful cases a verdict of guilty might be based on prior convictions instead of on the basis of proof of the particular crime for which defendant is on trial.

We are in accord with the procedure outlined in *State* v. *Ferrone*, supra, and as quoted or otherwise summarized hereinabove. While safeguarding the rights of the accused, such procedure does not offend any principle of orderly procedure nor tend to delay justice. In fact, it might well expedite justice, for if a defendant is

acquitted on the substantive charge, there is no occasion to take time to present evidence of prior convictions. If the jury renders a verdict of guilty, then the second phase of the trial should be conducted before the same jury unless the defendant waives a jury trial on such matter. In the latter phase of the trial, the jury would merely make a finding by its verdict substantially as follows:

"We, the jurors impaneled in the above entitled cause, find that the defendant has (or has not) been previously convicted of the crime (or crimes) specified in the information."

For the reasons above stated, the judgment of the district court is reversed, and the cause is remanded with directions to grant a new trial in accordance with the views herein expressed and the procedure herein outlined.

LARSON, C. J., and PRATT, WADE, and WOLFE, JJ., concur.