268 P.2d 998

**STATE v. WOOD.**

No. 8020.

Supreme Court of Utah.

March 26, 1954.

R. R. Hackett, Ogden, for appellant.

E. R. Callister, Jr., Atty. Gen., Walter L. Budge, Aldon J. Anderson, Dist. Atty., D. Christian Ronnow, Asst. Dist. Atty., Salt Lake City, for respondent.

McDONOUGH, Justice.

Appellant was convicted and sentenced to the State Prison for an indeterminate term of not less than fifteen years as being an habitual criminal. He was found guilty by a jury of grand larceny and then was tried by the same jury on the charge of being an habitual criminal, both charges being contained in the information.

Appellant was arrested in Ogden as he was loading three footlockers into a taxi cab. When he was questioned by the officer, witnesses stated that he first claimed ownership of the footlockers and their contents and then reversed his story, saying that he was taking them to the depot for one James O'Neil and did not know what was in them. The footlockers were found to contain articles of men's clothing, from which most of the labels had been removed but which were identified as items taken from Heusted and Montague, a Salt Lake City men's furnishings firm.

The appellant was charged with grand larceny and being an habitual criminal, the charges being that he stole from Heusted and Montague, a corporation, personal property having a value in excess of $50; and that he had been previously convicted of four felonies: Burglary in the State of Oregon, where he was sentenced and committed for 3 years in the Oregon State Penitentiary; Burglary in the First Degree in the State of Nevada, where he was sentenced and committed for 1 to 10 years in the Nevada State Penitentiary; Burglary in the First Degree and Prior Conviction in the State of California, where he was sentenced and committed for 5 years to life in the California State Prison; Burglary in the Second Degree and Persistent Offender in the State of Idaho, where he was sentenced and committed for 20 years in the Idaho State Prison.

Appellant's first assignment of error concerns the information; he attacks it on the bases that (1) there was not allegation of ownership in one other than the appellant and (2) that two crimes were charged in the information.

The information, with regard to the Grand Larceny charge, is in accord with

the short form authorized by U.C.A.1953, 77–21–47. He complains that there was no allegation of ownership of the stolen goods, but such an allegation is made unnecessary by statute, U.C.A.1953, 77–21–16(1) and (2), and we cannot see how he was prejudiced by not knowing whether title to the clothing had passed to the firm or whether they held it on a consignment basis. The information, by the use of the words "stole from Heusted and Montague * * * property having a value in excess of $50.00" was valid and sufficient to charge an offense under U.C.A.1953, 77–21–8(1) (b). Additionally, appellant, upon his request, was served with a Bill of Particulars and his complaint that he was unable to properly prepare his defense because of lack of information as to the charge is groundless.

■ Appellant contends that, inasmuch as the information contained, in addition to the charge of grand larceny the further charge of being an habitual criminal, that the information was fatally defective. This court has held that being an habitual criminal is a status, and to be charged with being an habitual criminal is not to be charged with a crime. State v. Russum, 107 Utah 94, 152 P.2d 88; State v. Stewart, 110 Utah 203, 171 P.2d 383. It follows that including the charge of being an habitual criminal in an information charging a crime is not error, provided the requisite facts are set out in the information which charges one with being an habitual criminal. State v. Russum, supra.

Assignments of error regarding the binding over of the appellant are refuted by the record. He was bound over by the committing magistrate in a manner recognized by law and custom.

■ Objections to the trial on the charge of larceny include the often-considered effect of U.C.A.1953, 76–38–1, "* * * Possession of property recently stolen, when the person in possession fails to make a satisfactory explanation, shall be deemed prima facie evidence of guilt." and that appellant did make satisfactory explanation of his possession of the stolen clothing. The contention that this portion of the statute forces upon the defendant the burden of proving his innocence has been rejected by this court in many instances. The state must prove not only the larceny and recent possession but also that he failed to make a satisfactory explanation of his possession. State v. Potello, 40 Utah 56, 119 P. 1023; State v. Mellor, 73 Utah 104, 272 P. 635. And by "prima facie evidence" it is not meant that in absence of other evidence the jury must find the defendant guilty, but rather that there would arise an inference that the defendant committed the larceny and that this inference might, with all other circumstances, be considered in determining whether or not the jury was convinced beyond a reasonable doubt of the defendant's guilt. State v. Hall, 105 Utah 151, 139

P.2d 228, reversed on rehearing 105 Utah 162, 145 P.2d 494, State v. Potello, supra. A discussion of the difficulty of phraseology such as appears in this statute is found in State v. Brady, Iowa, 91 N.W. 801, 805:

"The use of the terms 'presumption of guilt' and 'prima facie evidence of guilt' with reference to the possession of stolen goods has perhaps been too long indulged in by courts and text-writers to be condemned, but we cannot resist the conclusion that, when so employed, these expressions are unfortunate, and often misleading. In a civil proceeding, when a plaintiff makes a prima facie case, the burden is shifted, and, in the absence of any countershowing, he is entitled to recover as a matter of law. This rule is understood by the average intelligent layman as well as by those learned in the law, and when, in a criminal case, an instruction is given that the showing of a specific fact is prima facie evidence of guilt, jurors may very naturally conclude that the establishment of such fact has the effect to cast upon defendant the burden of proving his innocence of the charge against him. * * * 'Presumptions' of guilt and 'prima facie' cases of guilt in the trial of a party charged with crime mean no more than that from the proof of certain facts the jury will be warranted in convicting the accused of the offense with which he is charged."

The court, on this phase of the case, carefully avoided possible confusion in the minds of the jury by instructing in accordance with the recommendations for instruction on this law given in State v. Hall, supra; the court determined that a prima facie case had been made out by the state by submitting the case to the jury rather than directing the verdict, State v. Crowder, 114 Utah 202, 197 P.2d 917, and the jury determined that upon all the evidence in the case they were convinced beyond a reasonable doubt of appellant's guilt.

Appellant took the stand on his own behalf in an attempt to explain his possession of the stolen goods. On cross examination, questions were asked regarding prior convictions, an impeachment procedure allowed of witnesses by U.C.A.1953, 78-24-9. When he denied certain of the convictions, records were produced in evidence. It is stated in State v. Johnson, 76 Utah 84, 287 P. 909, 913:

"A witness, as affecting his credibility, may be asked if he had not previously been convicted of a felony, and the kind or name of the felony, but not as to the details or circumstances of it * * *. And if the witness denies the conviction, according to the weight of authority he may be contradicted by the record of a court of competent jurisdiction showing the conviction."

Apparently, counsel for appellant contends, without giving us the benefit of his

research, that where a charge of being an habitual criminal is pending the outcome of a trial for a felony, the rule of impeachment of a witness by showing prior conviction of felony does not apply.

In State v. Russum, supra, decided before the procedure of trial for being an habitual criminal was solidified by statute, it was held that it was reversible error to permit the state to introduce records of prior convictions at the trial on the felony charged, thus forcing, in effect, the defendant to take the stand to testify in his own behalf. No mention was made in the instant case of the pending trial for being an habitual criminal during the trial for larceny. The mere fact that the appellant was questioned as to previous convictions after he had testified, in accordance with impeachment procedures, would not affect the jury's determination as to whether or not he was guilty of larceny to any greater extent than it would where only larceny was charged. As to the untried offense of being an habitual criminal, the burden remained upon the state to prove the prior convictions and if the state sustained that burden, appellant was in no way prejudiced by the records used to impeach his testimony during the trial for larceny. It is to be noted that the state did not rely on appellant's single admission of conviction, but introduced proof by way of court records.

Appellant contends further that the intent of the legislature in enacting the present habitual criminal statute, U.C.A. 1953, 76–1–18, was to make it applicable only in those instances where the previous felonies charged were committed in and punishable in the state of Utah. This construction would make the imposition of the enhanced punishment available against one who had committed two previous felonies within the state but not as against one who had committed any number of felonies in other states. Clearly the intent of the statute is otherwise, for its obvious purpose is to protect society against any person whose tendency towards criminality is indicated by previous offenses. This view is also borne out by the wording of the statute, "Whoever has been previously twice convicted of felonies, sentenced and committed to any prison" and the statute regarding procedure in trying a person charged with being an habitual criminal, U.C.A. 76–1–19, " * * * the district attorney shall set forth in the information the felony committed within the state of Utah and the two or more previous convictions of felony relied upon by the state of Utah * * *."

We have examined the other assignments of error and find them without merit. Judgment affirmed.

CROCKETT, HENRIOD and WADE, JJ., concur.

WOLFE, C. J., does not participate herein.