347 P.2d 1111

STATE of Utah, Plaintiff and Respondent,

v.

Jack ZEIMER, Defendant and Appellant.

No. 9013.

Supreme Court of Utah.

Jan. 5, 1960.

46

A. Jerry Butler, Salt Lake City, for appellant.

Walter L. Budge, Atty. Gen., Vernon B. Romney, Asst. Atty. Gen., for respondent.

McDONOUGH, Justice.

From the granting of a new trial solely on the issue of whether he was an habitual criminal, and from the instructions to the jury on that issue, defendant appeals. Defendant contends that the court cannot grant a new trial solely on the issue of prior convictions because the jury which determines if a man is an habitual criminal must be the jury which finds him guilty of the joined offense.[1] He asserts that the instructions, connoting a criminal offense, are prejudicial error because "habitual criminal" is not a crime, but only a status.[2]

Zeimer was tried under an information alleging second degree burglary and alleging prior convictions and terms in state prisons. The jury found him guilty of the burglary charge, but the court declared a mistrial during the subsequent proceeding on the status of habitual criminal. The court ordered a new trial solely on the latter issue. The new trial was before a new jury and resulted in a verdict determining that Zeimer was an habitual criminal.

1. Sec. 76-1-19, U.C.A.1953.
2. State v. Russum, 107 Utah 94, 152 P.2d 88.

When a court determines that error was committed during the trial under an habitual criminal statute, a conflict of authorities is faced on the remedy to be followed. The courts agree that being an habitual criminal is not a crime. They divide over the question of whether the trial for habitual criminal must be tried by the same jury that tries the substantive offense and, if so, whether and how a new trial should be granted. To some extent, the division is explained by the difference in statutes and procedure. Four rules have developed.

(1) The court should order a dismissal of the part of the complaint alleging prior convictions. Perhaps this rule can be limited to cases wherein the court has given judgment upon the criminal offense.[3] The theory is that the status cannot be tried separately because it is not a crime. The decree of judgment, therefore, ends the jurisdiction of the court over the criminal complaint.

(2) The court should order a new trial of both the status and the alleged crime.[4] This order is usually given in jurisdictions which allow the state to present evidence of prior convictions in the same proceeding wherein the state presents evidence of guilt of the substantive crime. Apparently, this type order is not given in states which allow proof of status to be submitted only after the accused is found guilty of the substantive offense. Utah follows the latter procedure.

(3) The court should give the prosecuting attorney his choice: either accept a new trial on both status and substantive crime or accept a dismissal of the part of the complaint alleging prior convictions.[5] In these cases, the court accepts the validity of the argument that status cannot be tried separately because it is not a crime, but notes that no prejudicial error occurred during the trial of the substantive offense.

(4) The court should order a new trial limited to the question of status.[6] The theory is that the procedure should be premised upon the accused's right to a fair trial, but should not be designed to produce legal loopholes. Since, in these jurisdictions, the trial on status occurs only after the trial of the substantive offense, the effect of the prejudicial error is limited to an easily severed issue of fact.

3. Rex v. Hunter, 1 K.B. 555 (1921).
4. Eugene v. State, Tex.Cr.App., 317 S.W. 2d 203; Gossett v. Commonwealth, Ky., 302 S.W.2d 380; State v. Nelson, 130 Mont. 466, 304 P.2d 1110.
5. People v. Morton, Cal.App., 258 P.2d 100, modified in People v. Morton, 41 Cal.2d 536, 261 P.2d 523.
6. People v. Morton, 41 Cal.2d 536, 261 P. 2d 523 (discussing California precedent for all four rules); State v. Hillerud, 76 S.D. 476, 81 N.W.2d 130. Apparently, Florida would follow this rule. See Shargaa v. State, Fla., 102 So.2d 814, certiorari denied 358 U.S. 873, 79 S.Ct. 114, 3 L.Ed.2d 104.

Therefore, the new trial can fairly be limited to the question of status.

Appellant contends that the court should choose among the first three rules because the Utah statute requires that both the substantive offense and the status be tried by the same jury. The Utah statute uses the phrase, " * * * the defendant shall be tried forthwith by the same jury. * * * " [7] The word "shall" is usually presumed to be mandatory.[8] Other uses of the word "shall" in the same provision are clearly mandatory.[9] Therefore, the word should be so interpreted here.

The court rejects appellant's argument because no good reason appears why the legislature would intend such a result. The statute recognizes that even though the allegation of being an habitual criminal be included in the information charging the substantive crime, the question of status should be presented to the jury only after it determines the guilt of the defendant. The rule keeps the proof of prior crimes from the jury until after it determines the issue of the substantive offense. This saves the accused from the prejudicial effect of proof that he has committed crimes in the past.[10] The statute also guarantees the accused a prompt and speedy trial on the issue of status. Since the statute severs the trial of status from the trial of the substantive offense, it negates any reason for why error in the trial of status can possibly prejudice the trial on the substantive offense. The policy of the State of Utah is to review alleged errors in criminal proceedings according to their prejudicial effect on the right of the accused to a fair trial.[11] Viewed thus, the order granting a new trial solely on the issue of status and before a new jury is not error.

Appellant contends that the instructions to the jury on the issue of prior convictions are in error because they infer that being an habitual criminal is a crime. The instructions refer to the charge of an *offense,* to the question of defendant's *guilt,* and to the burden of proof necessary for *conviction.* The italicized words would lead a jury to believe that defendant is charged with a crime. This is error; being an habitual criminal is not a crime, but a status.

While defendant is semantically correct, he is legally without reversible error be-

7. See note 1, supra.
8. Swift v. Smith, 119 Colo. 126, 201 P.2d 609.
9. I. e. compare "the jury shall not be told of the previous convictions of felony and the trial on the felony committed within the state of Utah shall proceed as in other cases * * * " with State v. Stewart, 110 Utah 203, 171 P.2d 383.
10. State v. Stewart, 110 Utah 203, 171 P. 2d 383. The statute appears to be a legislative adoption of the rule of that case.
11. Sec. 77-53-2, U.C.A.1953.

cause the instructions are not prejudicial. The jury was instructed upon the meaning of habitual criminal and upon the required elements and burden of proof. We do not see how the jury's analysis of the evidence could possibly be affected by the jury's thinking that the defendant is charged with a crime rather than a status.

The trial court is affirmed.

CROCKETT, C. J., and WADE, J., concur.

HENRIOD, Justice (dissenting).

I dissent, since I believe this decision to be judicial legislation. The statute says the habitual criminal matter shall be tried "forthwith" and "by the same jury." To me this is clear, plain, simple, understandable language and should not be dismissed "because no good reason appears why the legislature would intend such a result." It is not our function to change legislation by weighing good or bad reasons the legislature might have indulged. If it were our function, one good reason suggests itself to the writer why the legislature used the precise language it did advisedly and deliberately,—to save the taxpayers the expense of a second jury and a second trial.

CALLISTER, J., concurs in the dissenting opinion of HENRIOD, J.