legislature had, in 1951, first adopted the habitual criminal statute as it now reads, petitioner's conviction of carnal knowledge in 1949 could have been considered. The fact that it could not have been considered under the statute as it then existed does not rule it out under the present statute. He is charged in the instant case with having been previously twice convicted of a felony. Carnal knowledge was then, and is now, a felony.

Affirmed.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.

A. Pratt Kesler, Atty. Gen., Stephen L. Johnston, Asst. Atty. Gen., Salt Lake City, for respondent.

PER CURIAM.

This is an appeal from an order of the lower court denying plaintiff's petition for a writ of habeas corpus. The factual situation and legal issues herein presented are the same as those before this Court in Zeimer v. Turner, Utah, 381 P.2d 721. For the reasons set forth in that case, the decision of the lower court in the instant case is hereby affirmed.

381 P.2d 724

**Delbert Chris CLARK, Plaintiff and Appellant,**

v.

**John W. TURNER, Warden, Defendant and Respondent.**

No. 9782.

Supreme Court of Utah.

May 27, 1963.

Reed L Martineau, Skeen, Worsley, Snow & Christensen, Salt Lake City, for appellant.

381 P.2d 724

**The STATE of Utah, by and through its ROAD COMMISSION, Plaintiff and Respondent,**

v.

**ESTATE of Ida HOLT, deceased, Robert L. Holt and Johanna G. Holt, his wife, Defendants and Appellants.**

No. 9763.

Supreme Court of Utah.

May 27, 1963.