387 P.2d 557

**Delbert Chris CLARK, Plaintiff and Appellant,**

**v.**

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

No. 9994.

Supreme Court of Utah.

Dec. 16, 1963.

Delbert Chris Clark, pro se.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for respondent.

PER CURIAM:

Plaintiff Delbert Chris Clark seeks reversal of a denial of his petition for a writ of habeas corpus. Charged with the crime of burglary and with being an habitual criminal, he was tried by jury, convicted on both counts, and sentenced to the statutory terms of 1 to 20 years for the burglary and for not less than 15 years on the habitual criminal count. No appeal was taken.

After serving about two years he filed this petition, the essence of which appears to be that he was unlawfully convicted because the two counts referred to above were stated on the same page of one information. It is implied that in connection with the trial on the burglary count the jury was made aware of the habitual criminal charge, thus prejudicing his right to a separate trial on each charge. State v. Stewart, 110 Utah 203, 171 P.2d 383.

A petition for habeas corpus brought by one who is imprisoned after conviction or purported conviction of crime tests only matters of jurisdiction; or some such grave error or impropriety that it would deprive one of fundamental due process of law. Thompson v. Harris, 107 Utah 99, 152 P.2d 91.

The trial court correctly denied plaintiff's petition. The charge of a crime and of the status of being an habitual criminal can be properly stated in the same information so long as the charges are separate. State v. Wood, 2 Utah 2d 34, 268 P.2d 998. The mere fact that the two counts of the information are on one sheet does not prove nor even cause an inference to arise that the jury was made aware of the habitual criminal charge during the trial on the burglary count. There is no indication here that this was in any manner brought to the jury's attention during the trial of that phase of the case. In the absence of any showing to the contrary we must presume that the correct procedure of first trying separately the crime charged and thereafter determining the question of the accused's being an habitual criminal was followed.

Affirmed.