**Delbert Chris CLARK, Appellant,**

v.

**John W. TURNER, Warden, Utah State Prison, Appellee.**

**No. 8204.**

United States Court of Appeals Tenth Circuit.

Aug. 26, 1965.

Rehearing Denied Sept. 27, 1965.

Richard L. Harring, Denver, Col., for appellant.

Ronald N. Boyce, Asst. Atty. Gen. of Utah (Phil. L. Hansen, Atty. Gen. of Utah, on the brief), for appellee.

Before PHILLIPS, PICKETT and HILL, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying an application for a writ of habeas corpus by Clark, hereinafter referred to as petitioner. The petitioner was charged by information containing two counts filed in a state district court in Utah. The first count charged him with the offense of burglary. The second count charged him with being an habitual criminal. Verdicts of guilty were returned by a jury and he was sentenced to imprisonment on his conviction on the first count in a Utah state penal institution for a term of one to twenty years, and to imprisonment at such institution on the second count for a term of not less than fifteen years. In his application for a writ of habeas corpus filed in the federal court he charged that the conviction and sentence on the second count was void for the reason that a previous conviction in the state of Idaho alleged in the second count of the information was void because in the proceeding in which he was convicted in Idaho he was denied his constitutional right to counsel for his defense. He does not in any way challenge the validity of the conviction on the first count of the information. When the application for the writ was first presented to the trial court it was held insufficient on the ground that petitioner had not exhausted his state remedies. After a further proceeding in the Utah courts was finally determined in Clark v. Turner, 16 Utah 2d 197, 398 P.2d 202,[1] in which the Supreme Court of Utah affirmed a denial of his petition for a writ of habeas corpus by a Utah district court, the application for the writ again came before the court below. After a consideration of the application, the response and the records of the proceeding in the Utah state court, the trial court dismissed the application for the writ on the ground that the petitioner was legally in custody under the sentence imposed on the first count and therefore the court would not inquire into the validity of the conviction on the second count. The application for the writ in the lower court was filed June 8, 1964. On January 19, 1965, the case of Clark v. Turner, supra, was decided. The court in that case expressly held that the sentence on the first count had not expired and that petitioner was in custody under that sentence. It was conceded at the oral argument in this court that petitioner remained in custody under the sentence on the first count. The order dismissing the application was filed February 11, 1965.

It is well settled in the federal courts that where an applicant for habeas corpus is in custody under a valid sentence on one count of an information, the court will not inquire into the validity of the conviction on another count of the information.[2]

Affirmed.

---

1. In that case the Utah Supreme Court stated that the record in the Idaho case showed that the petitioner was furnished counsel in the Idaho proceeding.

2. Browning v. Crouse, 10 Cir., 327 F.2d 529, 530; McNally v. Hill, Warden, 293 U.S. 131, 135, 55 S.Ct. 24, 79 L.Ed. 238.