429 P.2d 262

**Delbert Chris CLARK, Plaintiff and Appellant,**

v.

**John W. TURNER, Warden Utah State Prison, Defendant and Respondent.**

**No. 10684.**

Supreme Court of Utah.

June 30, 1967.

Jimi Mitsunaga, Legal Defender, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Gary A. Frank, Asst. Atty. Gen., Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a denial of a petition for writ of habeas corpus. Affirmed.

The jury found Clark guilty of burglary, his third felony conviction, and then found him guilty of being an habitual criminal under our statute.[1] The trial judge sen-

tenced him under the burglary statute. Then separately sentenced him under the habitual statute.

Clark says this sentencing was a violation of the Fifth Amendment to the United States Constitution with respect to double jeopardy, the only point on appeal. The simple answer to this contention is that right or wrong sentencing has nothing to do with double jeopardy as is clearly enunciated in the authorities, particularly in Holiday v. Johnston[2] and Downum v. United States.[3]

Although unnecessary to determine this case, there was some argument anent the propriety of the sentencing. Although being an habitual criminal is not a crime, but a status,[4] the statute imposes a sentence of not less than 15 years, which, implemented by Sec. 76–1–35, obviously makes it an indeterminate sentence of from 15 years to life. The sentence should be adjusted to conform with these observations.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.

1. Utah Code Ann. § 76–1–18 (1953).
2. 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941).

3. 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed. 2d 100 (1963).
4. See note 1; State v. Russum, 107 Utah 94, 152 P.2d 88; State v. Wood, 2 Utah 2d 34, 268 P.2d 998 (1954).