**Delbert Chris CLARK, Petitioner-Plaintiff,**

v.

**John W. TURNER, Warden, Utah State Prison, Respondent-Defendant.**

**No. C 223-67.**

United States District Court
D. Utah,
Central Division.

April 29, 1968.

Kent Shearer, Salt Lake City, Utah, for petitioner-plaintiff.

Gerald G. Gundry, Asst. Atty. Gen., for the State of Utah, for respondent-defendant.

MEMORANDUM DECISION

CHRISTENSEN, District Judge.

The petitioner, a state prisoner, is again before this court on his amended petition for a writ of habeas corpus based upon the claim that he was illegally sentenced as an habitual criminal. In his initial petition to this court petitioner charged that his conviction and sentence on the second count of a two count information charging respectively second degree burglary (76-9-4 U.C.A. 1953), and being an habitual criminal (76-1-18, 76-1-35 U.C.A. 1953) was void because in a foundational proceeding in Idaho he was not accorded the right to counsel. Petitioner then did not in any way challenge the validity of his conviction on the burglary charge and I dismissed the petition on the ground that there was no showing that the petitioner was not legally in custody under the sentence on the first count. The Court of Appeals affirmed, Clark v. Turner, 350 F.2d 294 (10th Cir. 1965), noting in passing that when the question had been before the

Utah State Supreme Court that court had stated "that the record in the Idaho case showed that the petitioner was furnished counsel in the Idaho proceeding." Such, however, has since developed not to be the fact.

I denied his subsequent petition attacking both sentences in the view that he was being legally detained by the state under one or the other and that in either event the petitioner was not entitled to his immediate release. Convinced upon pro-se application for reconsideration that petitioner should not be left in limbo, so to speak, but was constitutionally entitled at least to know which of the two duplicative sentences he was serving so that he might direct objections to one or the other, I appointed counsel, who has prepared and presented an amended petition on behalf of the petitioner. A hearing has been had and oral arguments and briefs have been submitted upon this amended petition. I am now convinced that neither sentence can stand. Reasons follow:

Petitioner was tried in the Third Judicial District Court in and for Salt Lake County, Utah, in Criminal No. 17349 on June 1, 1961, upon the following information:

### Count One

That on or about the 9th day of February, 1961, at the County of Salt Lake, State of Utah, the said Delbert Chris Clark entered the building of Dan's Drug, a corporation, in the nighttime with intent to commit larceny therein.

### Count Two

That the said Delbert Chris Clark has been previously convicted of two felonies prior to February 9, 1961, as follows, to-wit: INSUFFICIENT FUNDS CHECK in the State of Utah, where he was sentenced and committed for 0 to 5 years in the Utah State Prison on the 13th day of February, 1957; and GRAND LARCENY in the State of Idaho where he was sentenced and committed for 14 years in the Idaho State Prison on May 18, 1949.

Following a jury verdict of guilty on the first count (second degree burglary), trial was had on the second such count. The sole evidence presented to the jury of petitioner's Idaho conviction was a record in which there was no indication that petitioner either had or had waived counsel.[1]

After the jury had returned a verdict of guilty on the second (habitual criminal) count, the court sentenced petitioner on both counts as follows:

### On Count One

The judgment and sentence of this Court is that you, Delbert Chris Clark,

1. "In the District Court of the Fifth Judicial District of the State of Idaho * * * STATE OF IDAHO against DELBERT CLARK. GRAND LARCENY.

"Now, on this 16th day of May, 1949, the County Prosecuting Attorney with the defendant, came into court. The defendant was duly informed by the Court of the nature of the information found against him for the crime of GRAND LARCENY committed on the 2 day of May, 1949, of his arraignment and plea of 'Guilty as charged in the information,' on the 16 day of May A.D., 1949.

"The defendant was then asked by the Court if he had any legal cause to show why judgment should not be pronounced against him, to which he replied that he had none. And no sufficient cause being shown or appearing to the Court;

"NOW THEREFORE, the said defendant having been convicted of the crime of GRAND LARCENY, it is hereby ordered considered and adjudged that the said defendant, Delbert Clark be imprisoned and kept at hard labor in the State Penitentiary at Boise City, Idaho, for AN INDETERMINATE TERM NOT TO EXCEED FOURTEEN YEARS—commencing at the date of his arrival at said State Penitentiary. And it is further ordered and adjudged that the said defendant be and he hereby is remanded to the Sheriff of Bannock County, Idaho, to be by him delivered to the proper officer or officers thereof to be by said officer or officers conveyed to said Penitentiary.

ISAAC MCDOUGALL
Judge of said District Court"

be confined in the Utah State Prison for the indeterminate term as provided by law, for the crime of Burglary In the Second Degree, as charged. (Term of not less than one year nor more than twenty years. U.C.A. 76–1–18 (1953).)

### On Count Two

The judgment and sentence of this Court is that you, Delbert Chris Clark, be confined in the Utah State Prison for the term of not less than fifteen (15) years for Being A Habitual Criminal, as charged.

The case was before the Supreme Court of Utah in Clark v. Turner, 14 Utah 2d 235, 381 P.2d 724 (1963), and in Clark v. Turner, 15 Utah 2d 83, 387 P.2d 557 (1963). Later upon further application of petitioner for a writ, the Supreme Court in Clark v. Turner, 16 Utah 2d 197, 398 P.2d 202 (1965), summarily rejected the primary contention made here.[2]

And finally the petitioner's related contention was again summarily disposed of in Clark v. Turner, 19 Utah 2d 210, 429 P.2d 262 (1967), although the court inferentially recognized the irregularity of the sentence.[3]

The state trial court has failed to resentence the petitioner pursuant to the suggestion of the State Supreme Court, or at all.

It is apparent that petitioner has exhausted the remedies available to him in the courts of the State of Utah and this is not questioned by the respondent. In fact, it is essentially conceded that there was a misapplication of the Utah statute and that if the majority opinion in a late case decided by the Supreme Court of the United States is to be followed there is serious question about the constitutional supportability of the Idaho conviction and, hence, the validity of the habitual criminal sentence.[4]

2. "Appeal from a denial of a petition for writ of habeas corpus. Affirmed.

"The plaintiff has been here twice before on different grounds. Both cases were held to be without merit.

"He now seeks review of a complaint less meritorious than the other two: That he was not furnished counsel in a 1949 Idaho conviction for grand larceny, where he pleaded guilty, and that therefore, that conviction could not be used in connection with his conviction in Utah in 1961 of burglary and being an habitual criminal, the sentences of which were to run consecutively. The Idaho record belies his assertions.

"He wants out now because the Board of Pardons commuted the habitual conviction to run concurrently with the burglary sentence, which latter sentence has not expired.

"We believe and hold that plaintiff failed to sustain the onus of showing any facts justifying the issuance of this extraordinary writ."

3. "The jury found Clark guilty of burglary, his third felony conviction, and then found him guilty of being an habitual criminal under our statute. The trial judge sentenced him under the burglary statute. Then separately sentenced him under the habitual statute.

"Clark says this sentencing was a violation of the Fifth Amendment to the

United States Constitution with respect to double jeopardy, the only point on appeal. The simple answer to this contention is that right or wrong sentencing has nothing to do with double jeopardy as is clearly enunciated in the authorities, particularly in Holiday v. Johnston and Downum v. United States.

"Although unnecessary to determine this case, there was some argument anent the propriety of the sentencing. Although being an habitual criminal is not a crime, but a status, the statute imposes a sentence of not less than 15 years, which, implemented by Sec. 76–1–35, obviously makes it an indeterminate sentence of from 15 years to life. The sentence should be adjusted to conform with these observations."

4. Counsel for respondent with commendable candor, states in part:

"Respondent, as indicated in oral argument before this Court on February 23, 1968, concedes the misapplication of the provision of Utah Code Ann. § 76–1–18 (1953) in petitioner's case. Petitioner, by virtue of the use of the enhancement provisions should not be subjected to two separate sentences * * *

"Respondent now is faced with the recent United States Supreme Court case of Burgett v. State of Texas, 389 U.S.

Upon reflection all thinking persons will recognize the obligation of this court to follow the Constitution of the United States as interpreted by the current decisions of the Supreme Court of the United States. In the courts of the state no less than upon those of the federal government constitutional and judicial responsibilities are vested. To have courts inferior to the Supreme Court of the United States, whether state or federal, reject the authoritative decisions of that court would be no less intolerable than to have state, city or district courts inferior to the Supreme Court of the State of Utah refuse to follow the decisions of that high court. I speak of courts as "inferior" only in the sense of their being controlled by the decisions of other courts under our constitutional system. To be subject to law degrades neither persons nor courts. And I am confident that the recent decision of Dyett v. Turner, Warden, Utah, 439 P.2d 266 (1968), was really not intended to indicate anything to the contrary.

█ It so happens, and essentially so under our constitutional system and particularly the Supremacy Clause of the Constitution of the United States that as to federal constitutional meaning and applications the federal courts make the final determination, whereas the final determination of the meaning of state law is made by the highest state court. Where there are collisions by state decisions with essential constitutional principles, federal decisions must of necessity control. This does not mean that United States District Courts, even with

respect to constitutional applications, are "superior" to state courts. Before any decision of the federal court on even constitutional applications finally prevails over state determinations it is subject to review on appeal to the United States Court of Appeals and finally to consideration on certiorari in the Supreme Court of the United States. It does mean that my responsibility is to exercise my best judgment on the application of constitutional principles in cases properly before me.

█ It is well established in Utah and elsewhere that the habitual criminal statute does not establish a separate crime. Rather, it imposes an increased penalty upon one found to have become an habitual criminal. This principle was expressed by the Utah Supreme Court in Zeimer v. Turner, 14 Utah 2d 232, 381 P.2d 721, 723 (1963) as follows:

"Being an habitual criminal is a status, and to be charged with being an habitual criminal is not to be charged with a crime. The habitual criminal statute will apply only upon a conviction of the criminal offense last charged. Its invocation does not inflict additional or further punishment for the prior convictions or impose a new punishment therefor. It only serves to make more severe the punishment for the last or subsequent offense which might be imposed because of the previous convictions."

Also see State v. Wood, 2 Utah 2d 34, 268 P.2d 998, 1000 (1954).

109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), as applied to the factual elements of petitioner's case. It appears from the record that petitioner was without counsel when convicted of grand larceny in May, 1949, in Bannock County, State of Idaho * * *

"Burgett, of course, suffered the additional prejudice of having records of convictions presented to the jury and then consideration of them withdrawn, by instruction, without explanation * * *

"There is no evidence before this Court that any disclosure was made to the jury prior to the close of the evidentiary

hearing on the petitioner's instant conviction.

"As the dissenting Justices pointed out in Burgett, there was no indication of prosecutorial bad faith or intentional misconduct. Respondent is somewhat at a loss as to what actions could have been taken on June 1, 1961, to conform with a United States Supreme Court decision of November, 1967. To require anticipation of the directions in which constitutional law is moving is to impress requirements upon government difficult, at best, to shoulder * * *"

It has been generally said that one cannot be sentenced in an habitual criminal proceeding under other than the habitual criminal statute, and any such attempted sentence is a nullity. 24B C.J.S., Criminal Law § 1971 at p. 522. See also State ex rel. Edelstein v. Huneke, 138 Wash. 495, 244 P. 721 (1926), and Castle v. Gladden, 201 Ore. 353, 270 P.2d 675 (1954).

In this case petitioner was improperly sentenced to the one to twenty years term because he was also sentenced as an habitual criminal. The impediment to consideration of the propriety of petitioner's habitual criminal sentence previously held to exist, i. e., the burglary sentence—Clark v. Turner, 350 F.2d 294 (10th Cir. 1965), has in effect been removed by the determination of the state court that the sentence in reality was one for Clark's being an habitual criminal. That the State Supreme Court has not expressly declared the second degree burglary sentence to be void does not alter the situation that by the ruling of that court the petitioner is being punished for being an habitual criminal; his conviction as such cannot stand. Moreover, the recognition of the substance of petitioner's position can no longer be obscured by uncertainty as to the sentence petitioner is actually serving. This too would have unconstitutional implications in and of itself.

Petitioner's habitual criminal sentence is invalid in that he was not afforded, nor did he waive, counsel in the Idaho grand larceny proceedings which resulted in a conviction essential to create the status of habitual criminality, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); cf. United States v. LaVallee, 330 F.2d 303 (2d Cir. 1964). Any asserted waiver must be a voluntary and intelligent one. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

In Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), as here, the record of a prior conviction necessary to establish habitual criminality was silent in this important regard. The Supreme Court by majority opinion held:

"In this case the certified records of the Tennessee convictions on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceedings, and therefore that his conviction was void. Presuming waiver of counsel from a silent record is impermissible. * * * To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense * * * is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right."

We agree with petitioner's contention that he was lawfully convicted of the offense of burglary in the second degree under state law, that he was not validly sentenced for this offense but was invalidly sentenced for being an habitual criminal. The last decision of the State Supreme Court does not reach the difficulty because by increasing his sentence as was suggested for being an habitual criminal, the error would be compounded and not eliminated. He can be validly sentenced upon his conviction for second degree burglary which would involve a sentence of not to exceed fifteen years imprisonment against which sentence the petitioner would be entitled to credit for the time he has been held under the invalid sentence. Any other result would be constitutionally impermissible on the present record.

The court concludes that the conviction of petitioner for being an habitual criminal is not constitutionally supportable; said sentences heretofore pronounced by the state court by virtue of which the petitioner is now detained are adjudged to be void, the amended petition for a writ of habeas corpus is granted and the respondent is hereby ordered to release the petitioner unless within a pe-

riod of thirty days from date hereof the Third Judicial District Court in and for Salt Lake County, State of Utah, validly sentences petitioner for the offense of Burglary in the Second Degree of which he stands convicted, with an indication that it will allow the petitioner credit against said sentence for the time the defendant has been held in custody by virtue of said void sentences.

As is true in most of the cases where federal courts are required to invalidate state proceedings, whether here the petitioner is released for constitutional irregularities depends primarily upon appropriate action by the state court. This ruling will permit the state if it so elects to appropriately and constitutionally punish the petitioner for the offense of which he has been lawfully convicted.

The court is mindful of the services of counsel appointed by the court who without fee has served diligently and ably in the best traditions of the bar to investigate and present this matter to the court in vindication of constitutional principles.