## Foutch *v.* State.

### (*Nashville.*     February  12,  1898.)

1. Charge of Court. *Not part of record, when.*

Although the charge is copied into the transcript, it constitutes no part of the record unless it is embodied in or called for by the bill of exceptions.   (*Post, p. 336.*)

Cases cited and approved: State *v.* Hawkins, 91 Tenn., 140; Marble Co. *v.* Black, 89 Tenn., 119; Railroads *v.* Foster, 88 Tenn., 671.

2. Same. *Refusal of special requests not error, when.*

The Court's refusal to ·give special requests cannot constitute reversible error in any case where the principal charge is omitted from the record, as it is conclusively presumed, in such case, that the charge, as given, was full and accurate.   (*Post, p. 336.*)

Cases cited and approved: Railroad *v.* House, 96 Tenn., 552; Railroads *v.* Foster, 88 Tenn., 671.

3. Same. *Refused propositions not read to jury.*

The trial Judge is not required by the statute directing him to reduce to writing his decision on requests for special instructions in felony cases, to read to the jury any proposition to which he does not assent.   (*Post, pp. 337–339.*)

Code construed: § 7187 (S.); § 6050 (M. & V.).

Case cited and approved: Lang *v.* State, 16 Lea, 434.

4. Jury Trial. *Peremptory challenges.*

It is reversible error to allow the State exceeding four peremptory challenges where the offense charged is not capital, but of or above the grade of petit larceny—*e. g.*, murder in the second degree.   (*Post, pp. 339–345.*)

Code construed: §§ 5825, 5826 (S.); §§ 4789, 4790 (M. & V.); §§ 4013, 4014 (T. & S.).

Foutch v. State.

Acts construed: Acts 1875, Ch. 75; Acts 1883, Ch. 19.
Case cited: Wiggins v. State, 1 Lea, 738.

## FROM DEKALB.

Appeal in error from Circuit Court of DeKalb County.   M. D. SMALLMAN, J.

ROBT. CANTRELL, W. V. WHITSON, R. L. CAN-TRELL, J. J. FORD, and W. B. CROWLEY for Foutch.

Attorney - general PICKLE, DAN WILLIAMS, and WADE & SPARKMAN for State.

CALDWELL, J.   Lon Foutch was indicted in the Circuit Court of DeKalb County for the murder of Stanton Malone, and has been twice tried. On the first trial he was convicted of murder in the second degree and his punishment fixed at eleven years in the penitentiary.   He appealed in error, and this Court, at its December term, 1895, reversed the action of the trial Judge on account of erroneous instruction to the jury, and remanded the case for a new trial.   The opinion then delivered is reported in 95 Tenn., 711, et seq.

The last trial resulted in a conviction for the same grade of offense, and the punishment was assessed at ten years in the penitentiary.   Another appeal in error has been prosecuted, and numerous reasons, for which another new trial is sought, have been assigned and urged by the prisoner's counsel.

1. A number of complaints are lodged against the charge to the jury, but these cannot be considered, because the charge is not made a part of the record by bill of exceptions. Though a paper, purporting to be a charge, is copied into the transcript, it is not embodied in the bill of exceptions or called for by it, consequently, this Court has no means of knowing that it is, in truth, the deliverance made by the trial Judge, and for that reason must pass it by as an extraneous paper. *State* v. *Hawkins*, 91 Tenn., 140; *Marble Co.* v. *Black*, 89 Tenn., 119; *Railway Cos.* v. *Foster*, 88 Tenn., 671, and citations.

2. The Court's refusal to instruct the jury as specially requested by defendant's counsel, after the principal charge had been given, is assigned as error. This assignment must also fail on account of the absence of the principal charge, and without reference to the contents of the instruction specially requested. Since the charge given does not appear in the record so that it may be examined, this Court presumes, conclusively, that it stated fully and accurately every proposition of law arising in the case. *Railroad* v. *House*, 96 Tenn., 552; *Railway Cos.* v. *Foster*, 88 Tenn., 671. Therefore the refusal could have wrought no injury of which the defendant can justly complain. If the propositions embodied in his request were sound and pertinent, he is presumed to have had the benefit of them in the principal charge, and if they were not sound and pertinent they should not have been given.

3. The Court's failure to read to the jury the instruction requested by the defendant is made the subject of another assignment of error. The contention made in support of this assignment, is that it was the Court's duty, under the statute, to read this instruction to the jury, whether he approved it or not; that the defendant was entitled to have his view of the legal questions involved, read to the jury, although disapproved by the trial Judge. This is an erroneous interpretation of the law. Section 2, Ch. 57, Acts 1873 (Code, M. & V., § 6052; Shannon, § 7186), imperatively requires that "every word" of the Court's charge in felony cases shall be written and read to the jury, filed with the papers, and taken out by the jury upon retiring to consider of a verdict. The third section, that upon which the present contention arises, is in these words: "If the attorneys on either side desire further instructions given to the jury, they shall write precisely what they desire the Judge to say further. In such case, the Judge shall reduce his decision on the proposition or propositions to writing, and also read the same to the jury without one word of oral comment, it being intended to prohibit Judges wholly from making oral statements to juries in any case involving the liberties and lives of the citizens." Code, M. & V., § 6053; Shannon, § 7187.

Though this provision is not so perspicuous as might be desired, its terms, when construed with reference to the recognized functions of the trial

Judge, indicate clearly that the Legislature intended only to require him to write "his decision" on the "instructions" offered, and, if approved, then to read them and "his decision" to the jury as a part of his charge. There is nothing in the language used nor in the context to indicate an intention that he should read to the jury any "proposition or propositions" to which he might not assent. The manifest purpose of the two sections mentioned was only to have every part of all instructions, actually given by the Court to the jury in felony cases, reduced to writing, and read, and not in any sense or to any degree to furnish the jury with the disapproved views of counsel as to the law of the case. It would be so radical a departure from settled rules, and so fruitful a source of disorder and confusion, to require the presiding Judge to submit to the jury any and every proposition that might be presented by counsel on either side, and whether approved or disapproved by him, that this Court would not believe the Assembly entertained such a purpose, unless it be expressed in the clearest and most indubitable language. Besides, if legislation were so intended, it could but prove abortive and nonenforcible because an interruption and abridgment of the Court's constitutional function of charging the jury according to his best judgment of the law. This Court, speaking through Judge Turney, in the case of *Wiley and Felix Lang* v. *State*, said: "The defendants submitted a series of propositions, and re-

Foutch v. State.

quested the Court to give them in charge to the jury. They were 'handed to the jury' with the indorsement, 'accepted and given to the jury, except in so far as they conflict with the principles laid down in the charge.' This was error. It was the duty of the Court to have examined and passed upon the several requests. If they, or either of them, were not, in the opinion of the Court, the law of the case, they should have been entirely withheld from the jury, and filed, in order to be used if a bill of exceptions became necessary. Under the rule now in force in this State, the jury must take the law as laid down to it by the Court. It cannot and must not be required to compare diverse opinions of Court and counsel, with a view of settling questions of conflict between them." 16 Lea, 434, 435. It is obvious, therefore, from every standpoint, that the trial Judge in the present case was right in not reading the rejected instruction to the jury.

4. It is objected that the Court, in making up the trial jury, erroneously allowed the State six peremptory challenges, when, as contended, only four were allowable under the law. The Code of 1858 contained the following pertinent sections:

"4013. In the trial of all prosecutions for crime under the grade of petit larceny, the State and the defendant may each challenge, peremptorily, five jurors without assigning any cause.

"4014. In the trial of all criminal prosecutions

above the grade of petit larceny, the State is entitled to ten peremptory challenges, and the defendant, if the charge is a felony punishable with death, to thirty-five challenges, and in all other cases to twenty-four.''

It is readily observable that these provisions make two classes of peremptory challenges for the State and three for the defendant. Prosecutions for crimes under the grade of petit larceny are of one class as to the State and of one class as to the defendant (§ 4013); and those for crimes above that grade form one class as to the State, and two classes as to the defendant (§ 4014).

In all prosecutions for crimes under the grade of petit larceny, the State and the defendant have five challenges each; in those for crimes above that grade the State is given ten challenges, and the defendant thirty-five or twenty-four, as the offense may or may not be punishable by death. Whether the offense be punishable by death or not, if above the grade of petit larceny, is of no consequence in determining the number of the State's challenges, for it is the same in either case. But not so as to the defendant. If the crime be punishable by death, he is entitled to thirty-five, and if above the grade of petit larceny and not so punishable, he is entitled to twenty-four. Such, undoubtedly was the meaning of the statutes embodied in the sections of the Code just quoted. The first of those sections (§ 4013) has not been mentioned in any subsequent legislation,

and has been carried, without change, into later compilations (M. & V., § 4789; Shannon, § 5825); but the second one (§ 4014) has undergone two legislative amendments. The first of these amendments was made by Sec. 1, Ch. 75, Acts 1875, which is as follows: "That § 4014 of the Code of the State of Tennessee be so amended as to read: 'In the trial of criminal prosecutions above the grade of petit larceny, the State is entitled to six peremptory challenges, and the defendant, if the charge is of felony punishable with death, to twenty-four challenges; and in all other cases, the State to four, and the accused to ten.'" Two changes are wrought by this Act: (1) the number of challenges on both sides is reduced, and (2) the State's domain of challenges in prosecutions for crimes above the grade of petit larceny is divided into two classes, and the number of the State's challenges, like that of the defendant's, is made to depend upon the question as to whether or not the offense charged is punishable with death. This Act came under review in the case of *Wiggins* v. *State*, 1 Lea, 738, which involved a charge of forgery and other kindred offenses against two persons. This Court ruled that the State was entitled to only four challenges, and that the defendants were entitled to ten each. The State was denied the right of four challenges for each defendant. To meet this disadvantage to the State, as we presume, the other amendatory Act was passed. This Act (Ch. 19, Acts 1883) amended the Act of 1875

so as to read thus: "In the trial of criminal prosecutions above the grade of petit larceny, the State is entitled to six challenges, and the defendant, if the charge is a felony punishable with death, to twenty-four challenges; and where there are more defendants than one on trial, for an offense of the grade aforesaid, the State shall be entitled to six peremptory challenges for each defendant on trial, and each defendant to twenty-four, and in all other cases, the State to four for each defendant, and each defendant to ten challenges." This is the law as it now exists, and as incorporated in compilations by Milliken & Vertrees, at § 4790, and by Shannon at § 5826. It relates alone to prosecutions for offenses above the grade of petit larceny, and gives the State six challenges for each defendant charged with such offense, if punishable with death, and four if not so punishable; and to each defendant it gives twenty-four challenges where the State has six, and ten where the State has four. The phrase, "and in all other cases," as used in the last line of § 4014 of the Code of 1858, meant all cases above the grade of petit larceny, not punishable with death. The same phrase is preserved in the later Acts and there has the same meaning. It may be noted at this point that the State, under the more recent legislation, has not so many challenges, by one, in the trial of prosecution for offenses above the grade of petit larceny and not punishable with death, as it has under the unchanged section (§ 4013)

of the Code of 1858 (M. & V., § 4789; Shannon, § 5825), in the trial of those for offenses under that grade. Anomalous as this may seem, the statutes are susceptible of no other construction. The Legislature alone has the right to fix the number of peremptory challenges, and the Courts may not disregard its declaration, but must apply and enforce it as they find it. The statutes now existing in relation to peremptory challenges allowed in criminal prosecutions may be summarized and epitomized as follows:

1. If the offense charged be under the grade of petit larceny, the State and the defendant have five each. Code, § 4013; M. & V., § 4789; Shannon, § 5825.

2. If the offense charged be above the grade of petit larceny and punishable with death, the State has six for each defendant, and each defendant has twenty-four. Code, § 4014 as amended by Sec. 1, Ch. 75, Acts 1875, and by Sec. 1, Ch. 19, Acts 1883; M. & V., § 4790; Shannon, § 5826.

3. If the offense charged be above the grade of petit larceny and not punishable with death, the State has four for each defendant, and each defendant has ten. Code, § 4014, as amended by Sec. 1, Ch. 75, Acts 175, and by Sec. 1, Ch. 19, Acts 1883; M. & V., § 4790; Shannon, § 5826.

Strangely, no direct provision is made for challenges by either side in prosecutions for petit larceny. The provisions made are as to offenses un-

der the grade of petit larceny on the one hand, and
as to those above that grade on the other hand; but
as to petit larceny itself there is no direct provision.
It is understood that in some circuits petit larceny
has been classed with those offenses under that grade,
and that in others it has been classed with those
above that grade, and that the challenges provided
for the one grade and the other have been allowed
accordingly in the different circuits.

Mr. Caruthers speaks of peremptory challenges
with reference to misdemeanors and felonies; and all
of the former class of offenses he places under
§ 4013, and all of the latter class he places under
§ 4014 of the Code of 1858. Hist. of Lawsuit,
Sec. 832, p. 599. This we think an eminently
sound view, and, in accordance with it, we would
be disposed to hold that petit larceny, which is a
felony, should be ranged under § 4014 and the cor-
responding sections of later compilations. To do
this, we would, by construction, insert the words
"of and" in the middle of the introductory clause,
and read it thus: "In the trial of criminal prosecu-
tions of and above the grade of petit larceny," etc.

Though indicted for a capital felony, the defend-
ant in the present case had been acquitted of mur-
der in the first degree on a former trial, and, for
that reason, he was arraignable on the latter trial
for murder in the second degree. This offense is
above the grade of petit larceny, and not punisha-
ble with death; hence, it fell within the second di-

vision of offenses above the grade of petit larceny, and, on the trial, the State was entitled to four, and the defendant to ten, peremptory challenges, as prescribed for that division. The defendant was, in fact, allowed ten, and the State six instead of four. The allowance of this excess to the State was an error against the defendant, for which the judgment must be reversed, and the case remanded for another trial.

5. It is also insisted that the conviction is not sustained by the evidence. As another trial must be had, we express no opinion on the facts of the case. The reversal is placed alone upon the erroneous ruling in respect of peremptory challenges allowed to the State.