No. 19,390.

HERBERT L. D. NICKLE *v.* ARTHUR S. REEDER.
(357 P. [2d] 921)

Decided December 12, 1960. Rehearing denied January 9, 1961.

Messrs. MELLMAN, MELLMAN & THORN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*In Department.*

PER CURIAM.

NICKLE, plaintiff in error, was convicted in the Superior Court of the City and County of Denver of driving a motor vehicle while under the influence of intoxicating liquor. The information disclosed that he had been convicted of the same offense within the previous five years. Under the statute, C.R.S. '53, 13-4-30, the punishment on second conviction is not less than ninety days nor more than one year in jail. He was found guilty and sentenced to "the full period of ninety days and six months from this date" (December 11th, 1959).

The information on which he was tried is in two counts. In the first the present offense is set forth. In the second it is alleged that within the next previous five years defendant had been convicted of the same offense. The second count is not in itself an offense, but determines the punishment which may be inflicted upon conviction of a second offense within five years. The only purpose of the second count was to present the former conviction, and in context merely separated the inquiry into its two essential parts and did so briefly and clearly.

The trial court, *without objection,* carried the separation into the sentence. A sentence of "90 days and six months" viewed realistically, is a single sentence for a

single, continuous and definite term of nine months for one offense. The following language found in the mittimus to the Warden of the Denver jail: "Deft. was found Glty. by Jury this day on Count I and received sents. of 90 days; on Count II Deft. was given sents. of 6 months," was no more than the clerk's explanatory memorandum. 90 days and six months was the sentence.

Nickle's counsel urges that there were two sentences, one a valid sentence of ninety days under Count I and a void sentence of six months under Count II.

Defendant's counsel asserts "that the sentence imposed on plaintiff on the second count is void and invalid" and that "this court has held that Habeas Corpus is a proper remedy for relief from a void sentence."

The Attorney General counters that Nickle's remedy was by writ of error; that habeas corpus will not lie where a writ of error is adequate and may not be used as a substitute for a writ of error. These general propositions are found in many cases and are too well established to warrant citation of authority.

██ The pertinent question here is whether the sentence imposed was void. The penalty imposed by C.R.S. '53, 13-4-30, for drunk driving within five years of a previous conviction for the same offense is ninety days to one year. The defendant was convicted of such offense and the sentence pronounced equals nine months, well within the statutory limit. The language used by a trial judge is unimportant if the purpose and intent in pronouncing sentence is clear.

On the day of the expiration of the ninety-day sentence Nickle filed his petition for a writ of habeas corpus, which being denied he brings error. Recognizing the general rule that habeas corpus does not lie where writ of error is available and adequate, he states in his petition:

"That the petitioner has no right of appeal or writ of error to the Supreme Court herein by reason of the fact

that the time for the presentation of any reporter's transcript has elapsed."

■ The alleged infirmities in the sentence were before Nickle when he was sentenced, and the time within which to obtain a transcript was permitted to lapse. Moreover he offered no objection by motion or otherwise in the trial court to the supposed infirmities he now advances. All of which indicates an intention to acquire by his own omissions a status to render colorable, a right of habeas corpus. In *Hart v. Best,* 119 Colo. 569, 205 P. (2d) 787, the petitioner sought habeas corpus. The court said at page 582:

"In this case it is inconceivable that, had errors of such magnitude as now claimed by defendant occurred in his trial, the court if they had been called to its attention, would not readily have corrected them. Defendant's relief, if any, must be obtained by writ of error rather than Habeas Corpus."

Had Nickle contended in the trial court as he does here, his objections, sound or unsound, could have been met and avoided.

The sentence imposed on the defendant was within the prescribed statutory limits, and if there was error, prejudicial or otherwise, a writ of error was available and wholly adequate.

The judgment is affirmed.

Mr. Justice Knauss, Mr. Justice Frantz and Mr. Justice Doyle concur.