No. 19,444.

STAN RIGHI v. THE PEOPLE OF THE STATE OF COLORADO.
(359 P. [2d] 656)

Decided February 20, 1961.

Mr. FOREST E. CLARK, JR., for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DOYLE.

PLAINTIFF in error was charged in the municipal court of the City and County of Denver with the offense of driving a motor vehicle while his license was suspended and with driving under the influence of intoxicating liquor. He was also charged with a second conviction within five years of driving an automobile while under the influence of intoxicating liquor. Trial was to a jury. Defendant was found guilty and sentenced to 90 days in jail for driving while under the influence of intoxicating liquor, and a fine of $50.00 imposed for driving while his license was suspended. This judgment was appealed to the superior court and following a trial *de novo* defendant was again found guilty and the following sentences of imprisonment imposed: three months in jail for driving while license was suspended; three months for driving while under the influence of intoxicating liquor; and six months for driving while under the influence of intoxicating liquor, second offense within five years. Such sentences were ordered to run *consecutively.*

A motion for new trial was dispensed with, but was nevertheless filed by defendant, was considered by the court and denied. On the occasion of the hearing on the motion, the court, on its own initiative, amended the sentences which had been previously imposed, notwithstanding defendant had already begun serving time, and sentenced the defendant to a term of six months for

driving while his license was suspended and to a term of one year for driving while under the influence of intoxicating liquor and to a further term of one year for driving while under the influence of intoxicating liquor, second conviction, the sentences to run *concurrently*.

In urging that the judgment is erroneous, plaintiff contends that:

1. The court erred in imposing sentences based upon the count charging driving under the influence of liquor and the count charging this offense as a second conviction within five years. It is argued that the second offense is not a separate charge.

2. The court erred in increasing the original sentences following the issuance of a mittimus and after the defendant had actually commenced serving the original sentences. It is said that the court was without the jurisdiction to increase the original sentences on its own motion.

3. The court erred in allowing both the prosecution and the defendant to exercise more challenges than authorized by C.R.S. '53, 78-5-4.

I.

■ The Attorney General readily concedes that the court lacked jurisdiction to increase the sentences long after the original imposition and after the accused had commenced serving the original sentences. Cases in support of the validity of defendant's position are collected in 24 C.J.S., *Criminal Law*, sec. 1589a (1941), and 15 Am. Jur., *Criminal Law*, sec. 474 (1938). See also *People ex rel. Metzger v. District Court of Denver*, 119 Colo. 451, 208 P. (2d) 79.

II.

The important question in the case is whether the original sentence of three months on count 2 and six months on count 3 can be upheld as a proper sentence. In his brief, the Attorney General confesses error in connection with this ruling and explains:

"It is true that the statute relevant to Count 3 was

never intended to result in a separate sentence on the count alleging the prior conviction. It was meant only to increase the sentence imposed for the substantive crime, which in this case was charged in Count 2. Therefore, the lower court should have considered Count 3 only as an aggravating circumstance relating to Count 2 and not as a separate offense calling for a separate sentence. In this regard, if this were the only error relative to the sentencing, this court could correctly remand the case back to the trial court for a correction of the mittimus. *Sexton v. People,* 143 Colo. 35, 351 P. (2d) 842. However, due to other errors in the sentencing which we will next discuss, it is our position that several aspects of both the judgment and the mittimus in this case will have to be corrected."

█ In the oral arguments, however, in this case, the Attorney General modified the stand taken in his brief. He now contends that our recent decision in *Nickle v. Reeder,* 144 Colo. 593, 357 P. (2d) 921, is authority for upholding the sentences. There the defendant had been convicted of driving while under the influence of intoxicating liquor, the conviction being a second offense pursuant to C.R.S. '53, 13-4-30. The trial court phrased the sentence as if there were two charges. The defendant was sentenced to serve "90 days and 6 months." After serving 90 days, the defendant petitioned for issuance of a writ of habeas corpus in the district court and upon denial obtained the issuance of a writ of error from this court. We there concluded that the sentence imposed was not void and that habeas corpus was not an available remedy. We pointed out, further, that section 13-4-30, supra, does not create two separate offenses but rather is intended to regulate the punishment to be imposed in the single aggravated offense described in two counts. The question whether a sentence such as the present one is at least erroneous (if not void) was not decided in the *Nickle* case. We there concluded:

"The alleged infirmities in the sentence were before

Nickle when he was sentenced, and the time within which to obtain a transcript was permitted to lapse. Moreover he offered no objection by motion or otherwise in the trial court to the supposed infirmities he now advances. All of which indicates an intention to acquire by his own omissions a status to render colorable a right of habeas corpus. In *Hart v. Best,* 119 Colo. 569, 205 P. (2d) 77, the petition sought habeas corpus. The court said at page 582:

" 'In this case it is inconceivable that had errors of such magnitude as now claimed by defendant occurred in his trial, the court if they had been called to its attention, would not readily have corrected them. Defendant's relief, if any, must be obtained by writ of error rather than Habeas Corpus.'

"Had Nickle contended in the trial court as he does here, his objections, sound or unsound, could have been met and avoided.

"The sentence imposed on the defendant was within the prescribed statutory limits, and if there was error, prejudicial or otherwise, a writ of error was available and wholly adequate."

In the case at bar the defendant preserved his record on this question. He filed a motion for new trial and he brought the matter to this Court by writ of error. We think that the sentence on count 3 was clearly erroneous and should now be set aside. Cf. *Smalley v. People,* 96 Colo. 361, 43 P. (2d) 385; *Wright v. People,* 116 Colo. 306, 181 P. (2d) 447.

### III.

Notwithstanding the statute is clear in authorizing a total of three peremptory challenges in cases such as the instant one, the trial court called a total of 14 jurors to the jury box and the prosecution and defendant executed a total of eight challenges. The case was tried to the remaining six jurors without objection and defendant now contends that the error thus committed requires a

reversal. He cites the following in support of his position: *Foutch v. State,* 100 Tenn. 334, 45 S.W. 678; *State v. Jones,* 27 Wyo. 46, 191 Pac. 1075, and *State v. Bertrand,* 167 La. 373, 119 So. 261. In each of the cited cases there was a statute violated and in each instance the defendant made timely and proper objections. Had defendant done so in this case, the alleged error might justify consideration. In the absence of a timely objection, however, we are constrained to hold that defendant waived his right and that the error cannot now furnish a basis for reversal. See *State v. Sanchez,* 58 N.M. 77, 265 P. (2d) 684. Cf. *Davis v. People,* 112 Colo. 452, 150 P. (2d) 67; *Gier v. Alaniz,* 138 Colo. 177, 331 P. (2d) 260. In the latter case, it was said:

"The right to trial by jury, the right to counsel, the right not to incriminate one's self, and related matters are known as alienable constitutional rights or as rights in the nature of personal privilege for the benefit of the person who may seek their protection. Such rights, whenever assertable, may be waived. 16 C.J.S. 290, §91. Having the right to attack the invalid portion of subsection 7, and having the further right to a trial in accordance with criminal procedure, but not having taken advantage of these rights, the thirty-four persons must be deemed to have waived them."

█ Defendant's acceptance of the illegal procedure must be deemed a waiver of the right to demand that the prosecution be limited to three challenges. It is logical to assume that defendant was not opposed to the exercise by himself and the prosecution of more than the statutory number of challenges. In the light of this failure on his part to object, we are not disposed to notice the error at this late stage of the proceedings.

The judgment of the superior court is affirmed in part, reversed in part and the cause is remanded for the purpose of correction of the judgment and mittimus so as to conform to the original sentences on counts 1 and 2, that

is, three months on count 1, three months on count 2 to run consecutively. The trial court is ordered to vacate its sentence on count 3 and take such other proceedings as it deems necessary consistent with the views expressed herein.

MR. JUSTICE FRANTZ and MR. JUSTICE MOORE concurring.