No. 23556.

LEANDRO C. QUINTANA *v*. THE PEOPLE OF THE
STATE OF COLORADO.
(455 P.2d 210)

Decided June 9, 1969.     Rehearing denied June 30, 1969.

FRANCIS R. SALAZAR, ROBERT L. PITLER, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, ROBERT L. HOECKER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

CERTIORARI was granted by this court to review the disposition on an appeal to the Superior Court of the

City and County of Denver from an order of the County Court of the City and County of Denver, which order vacated a jury verdict of guilty to a drunk driving charge.

Defendant Quintana was charged in the County Court with drunk driving, and in a separate count, he was charged with a prior conviction of drunk driving within five years. Pleas of not guilty to both counts were entered by the defendant. The issue of defendant's guilt on the substantive charge was first presented to the jury which found the defendant guilty. The County Court then proceeded before the same jury to try the issues presented by the second count. During the course of this proceeding, the County Court declared a mistrial and the jury was discharged. Thereafter, the defendant filed a motion requesting the County Court to vacate the verdict of guilty on the first count on the grounds that the same jury must hear both counts. The County Court granted this motion and ordered both counts to be retried. The People, contending that the trial court erred in vacating the guilty verdict on the first count and ordering a retrial of both counts, appealed to the Superior Court. After review and legal argument, the Superior Court reversed the judgment of the County Court, ordered that the conviction on the first count be reinstated, and also ordered that a retrial be had only on the second count.

At this juncture in the case, defendant Quintana petitioned this court for a writ of certiorari claiming that the Superior Court's disposition was erroneous in law and prejudicial to him. The crucial issue presented for our determination is whether a drunk driving charge under C.R.S. 1963, 13-5-30, which includes a second count alleging a previous conviction for drunk driving within five years, must be tried to the same jury as a matter of law under the facts presented here.

This precise issue has not come before this court previously. Certiorari was therefore granted.

C.R.S. 1963, 13-5-30(1) provides as follows:

"It is a misdemeanor for any person who is under the

298

influence of intoxicating liquor to drive any vehicle within this state."

And, in subsection 5 of this statute, it is provided:

"Every person who is convicted of any violation of this section shall be punished upon a first conviction by imprisonment for not less than one day or more than one year, or by a fine of not less than one hundred dollars or more than one thousand dollars, or by both such fine and imprisonment, *and on a second or subsequent conviction within five years shall be punished by imprisonment for not less than ninety days or more than one year and, in the discretion of the court, by a fine of not less than one hundred dollars or more than one thousand dollars, or by both such fine and imprisonment.* The minimum period of imprisonment as provided upon second or subsequent conviction for a violation of this section shall be mandatory, and the court shall have no discretion to grant probation or to suspend the sentence therefor." (Emphasis added.)

██ A complaint charging the defendant with drunk driving under this statute and also with a second or subsequent conviction within five years, requires procedurally that each be the subject of a separate count. The use of the proof of prior convictions cannot be offered until the guilt on the first count has been established. *Heinze v. People,* 127 Colo. 54, 253 P.2d 596.

██ C.R.S. 1963, 13-5-30(1) and (5) does not create two separate offenses. The obvious purpose of these statutory provisions is to regulate the punishment to be imposed upon the single offense of drunk driving. *Righi v. People,* 145 Colo. 457, 359 P.2d 656.

██ The defendant puts great emphasis on the argument that since this two-count charge of drunk driving involves only a single offense, it is therefore mandatory that both counts be tried to the same jury. He states as a proposition that our common law tradition provides that when a party is charged with a crime, the same jury will hear and decide all issues involved in that crime.

This is a generally accepted truism in our law, but in our view, like any general rule, there are exceptions which must be promulgated in unique situations to afford not only a fair trial to a defendant, but to lay a foundation for the orderly and expeditious administration of justice. The facts here present such a unique situation. To set aside the guilty verdict on the substantive offense of drunk driving and to order another trial on this count had the effect of frustrating and demeaning the judicial process in this case. It was an abuse of the County Court's discretion. To have promptly presented the issue on the second count to another jury would not have prejudiced any of the defendant's rights to a fair trial. It is conceded that the matter of a mistrial after the guilty verdict on the substantive charge in no way infected that verdict.

It is our considered opinion that when confronted with a situation comparable to what transpired here, it is incumbent on a trial court to refuse to set aside a guilty verdict and to promptly proceed to impanel another jury to determine the single issue of whether the defendant is identical with the person previously convicted of drunk driving. This procedure is in the public interest, and where it does not violate any of the defendant's rights to a fair and speedy trial, it shall be followed by a trial court under the comparable circumstances of this case only.

The defendant cites several Colorado cases involving our habitual criminal statute as being persuasive of his contention that the substantive crime of drunk driving and the issue of a prior conviction must be tried to the same jury. In *Routa v. People*, 117 Colo. 564, 192 P.2d 436, the majority opinion mentioned that it approved the procedure outlined in the dissenting opinion filed in that case, to the effect that upon conviction of the substantive crime, the charge concerning defendant's previous convictions became immediately triable to the same jury without being resworn. Also, in *Wolf v. People*,

123 Colo. 487, 230 P.2d 581, a similar statement is made in connection with a habitual criminal count. The issue in neither of these cases, however, bears any resemblance to the facts of procedures we are considering here. It is also to be noted that our Habitual Criminal Act (C.R.S. 1963, 39-13-1, *et seq.*) indicates clearly that the same jury must be utilized for both segments of the prosecution. On the other hand, our drunk driving statute (C.R.S. 1963, 13-5-30) provides for no such procedural requirement in the prosecution of a drunk driving charge aggravated by a charge of a prior conviction within five years.

We note with interest an opinion of the Supreme Court of Utah in *State v. Zeimer,* 10 Utah 2d. 45, 347 P.2d 1111, 79 A.L.R. 2d 821. There the court held that even though the Utah habitual criminal statute provided that "the defendant shall be tried forthwith to the same jury," it affirmed an order of the trial court granting the defendant a new trial solely on the issue of his status as a habitual criminal after a mistrial during that portion of the trial. It was stated that there was no good or sufficient reason why the legislature should have intended its mandate to apply in this situation and that this procedure had no prejudicial effect on the right of the accused to a fair trial.

Justice Traynor of the Supreme Court of California in *People v. Morton,* 41 Cal. 2d 536, 261 P.2d 523, in ruling upon a similar fact situation involving a habitual criminal case stated:

"When the sole question on remand from an appellate court involves the proof of an alleged prior conviction, there is no reason to require the parties to retry the question of guilt of the primary offenses when the correctness of the determination of this question is not challenged by either party. There is nothing prejudicial involved in a limited new trial on the issue of the challenged prior conviction by a jury different from that which tried the issue of guilt of the primary offenses.

That issue and the proof of prior convictions are clearly severable. . . . Proof of prior convictions or the adjudication that the defendant is an habitual criminal do not involve substantive offenses, but merely provide for increased punishment of those whose prior convictions fall within the scope of these statutes. . . . The important relation between the primary offenses and the prior convictions charged is, therefore, the sentence to be imposed, and the jury does not participate in that."

We conclude that the remand disposition made by the Superior Court on the appeal from the County Court is proper.

Judgment affirmed.

Mr. Justice Day dissenting.

Mr. Justice Day dissenting:

I wish to dissent to the procedural emasculation involved herein by the opinion announced this date. It can do nothing but add utter confusion not only to future cases but in attempting to reconcile pronouncements of this court heretofore made on a similar statute.

I fear that my brethren have misconceived the statute here involved, C.R.S. 1963, 13-5-30(5). They have demonstrated this by comparing it to the habitual criminal statute. There is basis for comparison between the statutes, but the effect of the one under consideration here is not the same as the habitual criminal act. The habitual criminal act is a statute separate unto itself and not connected with or a part of any particular substantive offense. It is procedural and in aid of punishment, but it is in that respect only that it is similar to the statute under consideration here.

The statute in the case under consideration concerns one offense, namely, driving under the influence of liquor. That was the only offense charged in this information,

and the only offense for which defendant could be convicted. I believe the situation is succinctly described by this court in *Righi v. People,* 145 Colo. 457, 359 P.2d 656, interpreting a statute almost identical to the one under consideration (with a few later embellishments). We, in the *Righi* case said of the statute: "* * * [It] does not create two separate offenses but rather is intended to regulate the punishment to be imposed in a *single aggravated offense* described in two counts." (Emphasis added.) In the same case, in a more expansive description of the statute, we said that there could be only one sentence and not separate sentences on the two counts. We further commented that the statute was meant only to increase the sentence imposed for the substantive crime charged in one count, and that the additional count is *only an aggravated circumstance* relating to the previous one.

We said much the same thing in *Nickle v. Reeder,* 144 Colo. 593, 357 P.2d 921 as follows: "The second count is not in itself an offense, but determines the punishment which may be inflicted upon conviction of a second offense within five years. The *only purpose of the second count* was to present the former conviction, and *in context* merely separated *the inquiry* into its two essential parts and did so briefly and clearly." (Emphasis added.) Thus, if there is only a single offense, *i.e.,* the driving under the influence on the date and time alleged in the information, with the second count merely describing to the jury that it is the second time the defendant has so driven, there can be, in my opinion, only one trial.

This is not to say that the District Attorney could not have dismissed the second count after the mistrial, if he so desired, and in that connection then it would have been error for the Judge to vacate the verdict of guilty on the first count. But it is the District Attorney who has made the election and who persists in formulating the charge of "second offense driving under the influence." If he wants it that way he should procedurally be

required to present the case as one and inseparable. I cannot conceive two trials to two juries under this one offense.