**STATE of Tennessee, Appellee,**

v.

**James E. CLEGG, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

May 28, 1982.

James Lynn Price, Bristol, for appellant.

William M. Leech, Jr., Atty. Gen., Wayne E. Uhl, Asst. Atty. Gen., Heidi Z. Dorris, Research Asst., Nashville, R. Jerry Beck, Stanley A. Kweller, Asst. Dist. Attys. Gen., Blountville, for appellee.

OPINION

BYERS, Judge.

The defendant was convicted of receiving stolen property, and the same jury then heard evidence on whether the defendant had become an habitual criminal. The jury was unable to render a verdict on this issue, and the trial judge declared a mistrial only on the habitual criminal count of the indictment.

This proceeding took place on March 17, 1981. On April 27, 1981, the trial judge empaneled a different jury to hear the habitual criminal count. This jury found the defendant had become an habitual offender and enhanced the punishment for the receiving stolen property conviction to life imprisonment.

The defendant says the trial judge erred in declaring a mistrial on the habitual offender count of the indictment and in empaneling a different jury to hear this count and says the habitual criminal act is unconstitutional.

The judgment is affirmed.

■ We have not found a case in Tennessee in the same procedural posture as this case. However, in *Evans v. State,* 571 S.W.2d 283 (Tenn.1978), the Supreme Court affirmed the triggering offense in a case in which there was a finding the defendant had become an habitual criminal, reversed the finding on the habitual criminal charge, and remanded the case to the trial court for a retrial of the habitual criminal count before another jury.

Indiana in *State v. McMillan,* 409 N.E.2d 612 (Ind.1980), Colorado in *Quintana v. People,* 169 Colo. 295, 455 P.2d 210 (1969), and Utah in *State v. Zeimer,* 10 Utah 2d 45, 347 P.2d 1111 (1960), have held the trial judge should declare a mistrial in the event the jury is unable to reach a verdict in the habitual offender phase of a case brought under statutes similar to ours and should retry only the habitual offender charge before another jury.

We are of the view this is the proper course. The trial judge followed this procedure, and we affirm his judgment therein.

■ The defendant concedes the habitual offender act has been previously held to be constitutional. *Glasscock v. State,* 570 S.W.2d 354 (Tenn.Cr.App.1978). The defendant says he thinks the law should be changed. The courts are not the proper bodies to change valid legislative enactments.

TATUM and CORNELIUS, JJ., concur.