STATE of Missouri,
Plaintiff-Respondent,

v.

Kenneth Wayne HEISTAND,
Defendant-Appellant.

No. 13257.

Missouri Court of Appeals,
Southern District,
Division One.

July 8, 1986.

Motion for Rehearing or to Transfer to Supreme Court Denied July 25, 1986.

Application to Transfer Denied
Sept. 16, 1986.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Michael Radosevich, Kathleen Markie, Columbia, for defendant-appellant.

GREENE, Judge.

Defendant, Kenneth Wayne Heistand, was jury-convicted of first degree robbery, § 569.020,[1] and second degree assault, § 565.060, and thereafter sentenced, after a finding that he was a persistent offender, to consecutive sentences of life imprisonment for robbery and ten years for assault.

On appeal, Heistand does not question the sufficiency of the evidence to sustain the convictions. It suffices to say that substantial evidence was introduced at trial from which the jury could find, beyond a reasonable doubt, that on January 5, 1981, Heistand and John Sprous, wearing ski masks and coveralls, entered the United Health Center Pharmacy in Springfield, Missouri. Sprous was armed with a rifle. Heistand approached the pharmacist, Charles Cantwell, and demanded dilaudid, which is a controlled substance. When Cantwell was slow to comply, he was slapped by Heistand and shot by Sprous. His wound was not fatal, and Cantwell was able to procure three bottles of the drug, which he gave to the robbers through fear of force.

Heistand and Sprous were identified as the robbers by Candy Davis, a friend of Heistand's, who rented and drove the getaway car.

In his first point relied on, Heistand alleged that the trial court erred in overruling his motion to suppress as evidence a letter he had written his wife urging her to contact a friend to set up a false alibi, which action would have made her an accomplice to the crime of subornation of perjury. Heistand argued that the letter was a confidential communication between husband and wife by virtue of § 546.260, and was thus not admissible evidence.

The cause was transferred to the Missouri Supreme Court for resolution of whether the statutory prohibition applied under the facts indicated. The supreme court, in *State v. Heistand*, 708 S.W.2d 125 (Mo. banc 1986), held that under the facts the marital privilege did not apply, and that the letter was admissible in evidence. It retransferred the case to us for disposition of the other points relied on in the appeal.

In points II, IV, and VI, Heistand claims the trial court erred in its denial of requests for continuances.

In considering these claims, we keep in mind that applications for continuances are addressed to the sound discretion of the trial court, and when we are called upon to review the discretion exercised, "every intendment in favor of the trial court's action is indulged." *State v. Winston*, 627 S.W.2d 915, 917 (Mo.App.1982).

■ In regard to point II, Heistand claims that on March 18, 1983, he requested a continuance to investigate the circumstances, nature, authenticity, and admissibility of the letter he had written to his wife soliciting her help in setting up a false alibi.

The case had been set for trial on March 21, 1983. The record indicates that as early as November of 1981, Heistand had requested that his wife be subpoenaed as a witness in his behalf, and that funds be advanced for her travel money. Both requests were honored by the trial court. However, at time of trial, according to his brief, Heistand's wife "was not available to testify on appellant's behalf or in regard to the letter in question." There is nothing in the record to show why Heistand's wife was not available, what she would have said that would have been beneficial to him, or that the state did anything to prevent her from appearing and testifying. Further, Heistand's attorney knew of the existence of the letter and the nature of its contents several weeks prior to trial, and had sufficient time to prepare for the state's attempt to introduce it in evidence.

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S.

Under the facts here, there was no error in denial of the motion on the issue in question.

■ On point IV, Heistand claims the court erred in denying his motion for a continuance to enable him to employ private counsel, and to allow such counsel sufficient time to adequately prepare his defense.

The record indicates that the felony information in this case was filed on March 19, 1981, and that Heistand was represented by counsel at that time and throughout the proceedings. Jim McNabb, an assistant public defender, had been lead counsel since August of 1982, and had ample time to prepare a defense. On February 23, 1983, Heistand advised the trial court that he wished to employ private counsel. He was told by the trial court that he could hire private counsel if he could afford it and wanted to do so. The judge gave orders that Heistand be permitted to telephone two lawyers he had indicated might be interested in taking his case.

After making the calls, Heistand selected Donald Clough, the associate circuit judge who conducted his preliminary hearing but who had, thereafter, left the bench and entered private practice. Further discussions were had on February 28, at which time Heistand was told that if he was going to hire a private attorney, he should do so at once, in order to avoid further trial delay. Because of ethical considerations, Clough did not accept the case. He stated he could not do so because of his past association with the case as a judge, unless the prosecutor consented to his representation. The prosecutor refused to do so, and McNabb continued representing Heistand on order of the trial court.

The record indicates that Heistand had ample time to employ private counsel, if he had chosen to do so, and that his court appointed counsel had been given adequate time to prepare a defense. Under these facts, the denial of the motion for a continuance to seek private counsel was proper. *See State v. Crider*, 451 S.W.2d 825, 827–828 (Mo.1970).

■ In point VI, his last argument on the continuance issue, Heistand contends that the trial court erred in denying his motion for continuance in order to "locate sources and educate himself concerning handwriting analysis and prepare in any meaningful fashion to meet the testimony of witness McGuire."

McGuire, an expert in handwriting analysis, was prepared to testify that he had compared known samples of Heistand's handwriting with the handwritten letter previously mentioned and that, in his opinion, they were written by the same person.

Heistand's attorney was told on February 23, 1983, that McGuire was to be endorsed as a witness and the substance of his testimony. There was ample time for Heistand's attorney to prepare for cross-examination of McGuire, or to secure services of another expert to examine the handwriting samples. In addition, it is hard to understand what prejudicial effect McGuire's testimony would have had. Heistand had filed a motion to suppress the letter and any testimony concerning it on the grounds that revelation of the letter's contents would violate the husband-wife privilege of confidential communications. By doing this, he was, in effect, admitting he wrote the letter, but was claiming it was not admissible evidence because it was a privileged communication. He cannot have it both ways. It was not an abuse of discretion for the trial court to deny the motion for continuance for further preparation on the handwriting issue.

■ In point III, Heistand claims that the state failed to promptly advise him of the last known address of proposed witness Candy Lynne Davis, and that such failure prejudiced his right to a fair trial.

Defense counsel had requested, in a motion for sanctions, that Candy not be permitted to testify unless her address was revealed. The motion was denied by the trial court. The record indicates that Heistand had threatened the life of Ms. Davis after the robbery, and told her that if she

knew what was good for her, she would not "tell the cops anything." It was for that reason that the prosecutor refused to reveal her address. He did, however, make her available for an interview before she testified, and defense counsel interviewed her. In addition, defense counsel had copies of statements made by Davis to the police concerning the robbery, a transcript of her preliminary hearing testimony, a transcript of her deposition taken for trial preparation, and a copy of her testimony given in the trial of Sprous, who was the other robber.

At trial, the cross-examination of the witness by defense counsel was effective, and demonstrated that he was very familiar with the testimony Davis might give concerning the robbery, and the testimony she had given in the past. Under these circumstances, it was not error for the trial court to refuse to exclude the testimony of Candy Davis because her address was not revealed prior to trial or order a continuance to allow defense counsel more time to obtain her address. *State v. Moore*, 229 Kan. 73, 622 P.2d 631, 639 (1981). *See also State v. Carrington*, 375 S.W.2d 186, 189–90 (Mo.1964). The point has no merit.

In point V, Heistand contends his trial counsel was ineffective because he failed to 1) depose prospective witnesses, 2) subpoena certain defense witnesses, 3) adequately prepare a defense, and 4) file a motion to withdraw after being threatened with bodily harm by Heistand.

Heistand filed with this court a motion to delete point V from his appeal because "the issue would be more properly explored in a 27.26 proceeding," which motion has been sustained. Therefore, the point is moot on this appeal.

In point VII, Heistand claims the trial court erred in denying his application for a psychiatric examination thereby preventing him from raising the defense of mental disease or defect.

Section 552.030.2 provides that evidence of mental disease or defect excluding responsibility shall not be admissible unless the defendant, at the time of entering his plea or within 10 days thereafter, gives notice of his purpose to rely on the defense of not guilty by reason of mental disease or defect.

Heistand was arraigned on March 20, 1981, and entered a plea of not guilty to the charges. It was not until the first day of trial, March 21, 1983, that he filed a notice of intent to rely on the defense of mental disease or defect and a motion for psychiatric examination. Because the notice of intent to rely on the defense of mental disease or defect was clearly untimely under the statute, the issue is whether the trial court abused its discretion in declining to grant the untimely plea.

■ The test is whether Heistand showed good cause for waiting over two years before he raised the issue. *State v. Ingram*, 607 S.W.2d 438, 440–41 (Mo.1980). He did not. At the time the application was made, defense counsel said, "Mr. Heistand has indicated to me that at the age of 17, he was hospitalized ... in Osawatomie as a mental patient." The prosecutor responded that it was the first time he had heard of such a claim, and opposed the application. There is nothing in the record to explain why it took two years to raise the issue. The cursory statement of the defense attorney was not evidence, and did not establish good cause to grant the untimely motion. *State v. Abrams*, 597 S.W.2d 230, 231–232 (Mo.App.1980). The trial court did not abuse its discretion in denying the motion.

In point VIII, Heistand urges the trial court erred in denying his motion to disqualify the prosecuting attorney. He contends that the leniency Candy Davis received in return for her cooperation, despite the prosecutor's knowledge that she had previously lied about the robbery, and the prosecutor's refusal to reveal Candy's whereabouts prior to trial, constituted violations of the ethical standards required of a prosecutor, and that such conduct prevented Heistand from having a fair trial.

■ The motion to disqualify was filed pursuant to § 56.110, which states that if

the prosecutor is interested or shall have been employed in any case where such employment is inconsistent with the duties of his office, the court having criminal jurisdiction may appoint some other attorney to prosecute the case. There is not a shred of evidence in the record that indicates that the prosecuting attorney had any personal interest in the case, or was biased for personal reasons against Heistand. This being the case, there was nothing to justify his disqualification. *State v. Williams,* 643 S.W.2d 641, 642 (Mo.App.1982).

■ The fact that the prosecutor entered into a plea bargain agreement with Candy Davis, whereby she was placed on probation following her plea of guilty to a charge of hindering prosecution of the robbers, does not establish bias or personal interest on the part of the prosecutor. *State v. Laws,* 661 S.W.2d 526, 532 (Mo. banc 1983). Heistand played a major role in the robbery—Candy Davis did not. There is nothing in the record to support the veiled implication by Heistand's appellate counsel that the prosecutor knowingly used perjured testimony of Candy Davis at trial. The fact that she admitted on the stand that she had lied on prior occasions concerning the robbery affected her credibility, but that was a matter for the jury to resolve in determining whether her version presented at trial was true. The jury did so. There is no evidence in the record supporting disqualification of the prosecutor. *See State v. Holt,* 603 S.W.2d 698, 704 (Mo.App.1980). The point has no merit.

In point IX, Heistand asserts that the trial court erred in denying his motion for mistrial which contended that the prosecutor's closing argument improperly injected his personality and character into evidence, thus depriving Heistand of a fair trial.

■ In his closing argument, the prosecutor stated that "it seems like everyone in this case the state's put on is a liar" because of a "conspiracy we've got going to put Kenny Heistand in the penitentiary for this." Defense counsel's objections and request for mistrial because of this argument were denied. In his closing argument, Hei-

stand's attorney had characterized the state's witnesses as liars, pointed out inconsistencies in their testimony, and had suggested, by implication, that the prosecutor knew at least one witness, Candy Davis, was a liar when he used her as a witness. Under such circumstances, the prosecutor had every right to defend himself and make the retaliatory argument in question. *State v. Britton,* 647 S.W.2d 155, 157–158 (Mo.App.1982).

In point X, Heistand argues he was subjected to double jeopardy by being tried, convicted, and sentenced for first degree robbery and second degree assault in that the assault upon Cantwell occurred during the course of the robbery.

■ As to the robbery charge, the facts show that Heistand aided Sprous in stealing dilaudid from Cantwell, that Heistand used physical force on Cantwell to make Cantwell get the drugs for the robbers, and that, in the course of stealing the drugs, Sprous was armed with a deadly weapon. As to the assault charge, the facts show Heistand aided Sprous when Sprous knowingly caused physical injury to Cantwell by shooting him. This identical point, based on identical facts, was decided in *State v. Sprous,* 639 S.W.2d 576, 577–578 (Mo. 1982). Our supreme court held in *Sprous* that each offense required proof of a fact that the other did not, and that the act of physical force constituting the assault was not an element of the robbery charge. This rationale applies here. The point has no merit.

In his final point, Heistand asserts that the trial court erred in sentencing him as a persistent offender under the provisions of § 558.016.3, RSMo Supp.1984, because the state did not prove beyond a reasonable doubt that he committed two prior felonies on separate occasions.

After two hearings on the persistent offender issue, the trial court found that on October 14, 1977, Heistand was convicted in the Circuit Court of Jasper County, Missouri, of the felony of fraudulent use of a credit card, and that on September 12,

1979, in the same court, he was convicted of the felony of possession of a controlled substance.

The statute in force at the time of Heistand's conviction for credit card fraud was § 561.415, RSMo 1969. At the persistent offender hearing, the prosecutor argued the statute was "strictly a mixed felony and was a felony in all cases regardless of the amount" by reason of the punishment provision of the statute which provides that upon conviction, the offender may be fined, sentenced to the county jail, or sentenced to prison. The terms of the statute specifically provided that any person, firm, or corporation which defrauds another by use of a charge account, credit card, or other credit device is guilty of a misdemeanor. It further provides that when the value of the goods lost because of the deception exceeds $100, the punishment shall be by fine not to exceed $500, confinement in the county jail for not more than one year, or by imprisonment for not more than five years. The word "felony" did not appear in the statute.

Where the legislature designates certain conduct as constituting a misdemeanor, that is what it is, regardless of the punishment that can be imposed under the statute. *State ex rel. Martin v. Berrey,* 560 S.W.2d 54, 57–58 (Mo.App.1977). *See also State ex rel. Butler v. Foster,* 187 Mo. 590, 86 S.W. 245 (banc 1905). The trial court was wrong in designating Heistand's prior conviction of fraudulent use of a credit card as a felony. This does not mean, however, that Heistand is entitled to a new trial. He is only entitled to be resentenced.

The evidence is undisputed that prior to the incident which precipitated the filing of the robbery and assault charges, Heistand had been convicted of the class A felony of possession of a controlled substance, in violation of § 195.020. This makes him a prior offender. § 558.016.2,

RSMo Supp.1984; *State v. Smith,* 665 S.W.2d 663, 668 (Mo.App.1984). The trial court, not the jury, fixes punishment if the defendant is either a prior or a persistent offender. § 557.036.4, RSMo Supp.1984; *State v. Foster,* 684 S.W.2d 597, 598 (Mo. App.1985). Rather than being entitled to a new trial on all issues, Heistand is only entitled to be resentenced under proper procedures under the criteria set out in § 557.036.[2]

The life sentence imposed for the robbery conviction and the extended 10–year sentence for the assault conviction are set aside, and the cause remanded for proper findings and sentences for the reasons indicated in this opinion. The trial court's judgment affirming the jury's verdict of guilty on the robbery and assault charges is affirmed.

TITUS, P.J., and FLANIGAN, J., concur.

---

**2.** While there is no Missouri case precisely on point on the facts shown here, appellate courts in other states have reached the same conclusion on this issue as we do here. *See People v. Morton,* 41 Cal.2d 536, 261 P.2d 523 (banc 1953); *State v. Zeimer,* 10 Utah 2d 45, 347 P.2d 1111 (1960); *Chavez v. State,* 604 P.2d 1341 (Wyo. 1979); *Quintana v. People,* 169 Colo. 295, 455 P.2d 210 (banc 1969).