STATE of Missouri,
Plaintiff–Respondent,

v.

Ray Neal FLETCHER,
Defendant–Appellant.

No. 15595.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 27, 1988.

Beth L. Moutrie, Sp. Asst. Public Defender, Doniphan, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

A jury found Ray Neal Fletcher guilty of one count of second degree burglary, § 569.170, two counts of felony stealing, § 570.030, one count of misdemeanor stealing, § 570.030, and two counts of second degree property damage, § 569.120. He was sentenced to imprisonment for consecutive terms of two years, four years and four years respectively for the felonies and a fine of $100 for each of the misdemeanors. Defendant states two points on appeal.

The sufficiency of the evidence is not questioned. A brief summary of the facts is sufficient.

On February 19, 1987, defendant went to the home of acquaintances Kenneth Brown and Jerri Fletcher Brown in Paragould, Arkansas. He asked them to accompany him to Wappapello Lake to steal some boat motors which he planned to sell. He was a distant relative of Jerri Fletcher Brown. The trio had previously fished at Wappapello Lake during the late fall of 1986.

At this time the Browns had recently been charged with the commission of an offense in Arkansas. They had agreed to cooperate with law enforcement officers in an investigation of the defendant's activities. The Browns informed an officer of defendant's request. They were advised to accompany defendant but not to assist in the stealing. That afternoon the defendant and the Browns drove to the Wappapello Lake area. The defendant drove his pickup truck. The Browns went in their car.

Kenneth Brown testified that at the lake defendant stole some boat motors and a chain saw. He helped the defendant load them into the pickup truck. The stolen property was covered with a tarpaulin. The Browns returned to their home in their car. The defendant drove the pickup truck to their home. On the return trip Jerri Brown stopped and phoned the sheriff's department. She informed them that the defendant had stolen the goods in the truck and was returning. When the defendant drove into the Browns' driveway, the officers drove in behind him. The stolen items were in the pickup truck.

The defendant testified. He stated he had not been in the company of Kenneth Brown and Jerri Fletcher Brown at Wappapello Lake in Missouri. He testified that he had been at the Browns' home in Paragould while they had borrowed his pickup truck. He further testified that when they returned home, he was arrested as he was entering his truck to travel to his home.

The defendant's first point is that the trial court erred in denying his motion to suppress the testimony of Kenneth Brown and Jerri Fletcher Brown because the state failed to disclose their last known address and he was "unable to investigate said witnesses' reputation for truth and veracity within their community."

The Browns were endorsed as state's witnesses. By a motion for discovery, the defendant asked for the names and current addresses of the witnesses the state intended to call. The state listed the Browns as witnesses but added "witness under police protection at this time. Whereabouts not divulged due to fear of retribution."

■ The morning of the trial the defendant announced ready and a jury was selected. A conference was then held at which time the defendant made an oral motion to suppress the Browns' testimony because of the state's failure to disclose their addresses. The state called to the court's attention the reason given in the response to discovery. The court took the motion under advisement at that time. During a subsequent conference following the noon recess, the court denied the motion on the following basis. "In view of the fact that the two witnesses named submitted themselves for deposition by counsel for Defendant, it would appear that the disclosure of the address, when everything else was disclosed, is not essential to a fair determi-

nation of this cause based on Rule 25.-[1]0[ (b) ]."

When the Browns were called as witnesses, the defendant made no objection to their testimony. He failed to preserve his objection to that testimony.

[I]t will not be necessary to decide the question as to whether the trial court erred in overruling appellant's motion to ... suppress the evidence shown by the return thereon; for if the appellant, on the trial, made no objection to the admission of the state's evidence ..., he thereby waived the error, if any, in the court's ruling on the motion to ... suppress the evidence shown by the return.

*State v. Simone,* 416 S.W.2d 96, 100 (Mo. 1967). Also see *State v. Yowell,* 513 S.W. 2d 397 (Mo. banc 1974).

■ Moreover, the defendant's point has no substance. As stated, the defendant was related to Jerri Fletcher Brown. He and the Browns were acquaintances. During the cross-examination, the defendant established that each of the Browns had a criminal record extending up to their arrest a few weeks before the incident in question. He took the Browns' depositions only three months before trial. He made no effort to seek any sanction before the morning of trial. Under Rule 25.10 and Rule 25.16, the trial court did not err in refusing to exclude the testimony of the Browns. "Under these circumstances, it was not error for the trial court to refuse to exclude the testimony of [the Browns] because [their addresses were] not revealed prior to trial or order a continuance to allow defense counsel more time to obtain [their addresses]." *State v. Heistand,* 714 S.W.2d 842, 846 (Mo.App.1986). The defendant's first point is denied.

■ The defendant's second point is that the trial court erred in denying his oral motion for a continuance for the purpose of securing the presence of alibi witnesses. That point has the following background. After the jury was seated, the defendant made an oral motion for a continuance. Counsel stated that she was not aware of two of the potential alibi witnesses until a very short time ago. She was unaware of

the third until the morning of the trial. The defendant stated he expected an alibi witness to appear but she had been subpoenaed to a child support hearing and could not appear. Counsel for defendant stated speculatively, "I believe that if a continuance were granted we would be able to produce those witnesses in court."

Rule 24.09 provides that a motion for continuance must be in writing. Rule 24.10 specifies the contents of such a written motion. The reason for those rules is obvious. It is to permit the court to pass upon the merits of a request for a continuance. The defendant filed no such written motion. The trial court did not err in overruling the oral motion. "Defendant's failure to file the request in writing accompanied by an affidavit showing good cause as required by Rule 24.09 is sufficient ground to affirm the trial court's action." *State v. Diamond,* 647 S.W.2d 806, 808 (Mo.App.1982).

Even if the application here had been in the proper form, which it was not, whether or not an application for a continuance should be sustained is within the discretion of the trial court and a very strong showing, absent here, is required to cause an appellate court to interfere with the ruling of the court nisi on a request for a continuance.

*State v. Casey,* 683 S.W.2d 282, 285 (Mo. App.1984). The circumstances do not establish an abuse of discretion. Cf. *State v. Oliver,* 572 S.W.2d 440 (Mo. banc 1978). Also see *State v. McGinnis,* 622 S.W.2d 416 (Mo.App.1981). The defendant's second point is denied. The judgment is affirmed.

FLANIGAN, P.J., and HOGAN and PREWITT, JJ., concur.